Zionek *v.* Glen Alden Coal Company, Appellant.

Argued March 7, 1932.

Before Trexler,
P. J., Keller, Gawthrop, Cunningham, Baldrige,
Stadtfeld and Parker, JJ.

*J. H. Oliver,* and with him *Franklin B. Gelder,* for appellant.

*E. C. Marianelli,* for appellee.

Opinion by Cunningham, J., May 4, 1932:

The burden of the complaint of the appellant employer in this workmen's compensation case is that the controlling finding of the referee was not sufficiently specific to support an award of compensation for disability caused by a hernia.

Claimant, nineteen years of age, was employed by appellant as an inside brakeman at one of its collieries. During the late afternoon of October 3, 1928, several

loaded mine cars were derailed, necessitating the use by claimant of an iron instrument approximately three feet long, one-quarter of an inch thick, ten inches wide and weighing twenty pounds, described as a "re-tracker." While he was returning to the motor, carrying the retracker in his left hand, it accidentally "hit the car and bounced back," striking him in the right inguinal region. His description of the effect of the blow reads: "Q. Were you knocked down or were you able to hold the ground? A. I dropped the re-tracker right away and I looked and the first thing I saw was a lump. Q. Where? A. On the right side. Q. With reference to the place where you were hit where was it? A. To the side; about an inch away. Q. How big was the lump, bigger than a bird's egg? A. Yes, sir. Q. How did you look? A. I pulled my trousers down and looked and saw the lump and felt it and it was hard as a rock. Q. Was that lump there before you got hurt? A. No, sir, it wasn't. Q. Had a lump ever appeared there before? A. No, sir." The employe discontinued his work on account of severe abdominal pains and a tendency to vomit, went home and that evening consulted his family physician. This physician testified that upon examination he found a red mark, some discoloration, a slight abrasion of the skin in the right inguinal region and a hernia about the size of an English walnut, which, in his opinion, was a "recent or traumatic hernia." He sent him to one of appellant's doctors who stated that at first he could find nothing wrong but finally felt a small sac in the right inguinal canal which he believed was "probably the beginning of an undescended hernia." Appellant's doctor advised an operation and the surgeon, who operated at the hospital eight days after the accident, referring to the "hernia sac," said: "This sac had all the earmarks of an old hernia. There were no signs of recent trauma;" it was thick and extended "through the entire extent of the canal down

into the scrotum" and there was "a fibrous ring at the neck of the sac." Claimant gave notice to the proper representative of appellant within forty-eight hours after the accident that he was suffering from a hernia as the result thereof. On cross-examination the operating surgeon was asked this question, "Assuming it is true that this young man was injured the way he said he was injured what did that injury do to the hernia such as you found in this case?" and replied, "The contents came down at the time." Another surgeon, called by appellant, stated, in reply to a hypothetical question, that in his opinion the hernia was of several years' standing and that the injury caused the symptoms complained of but neither caused nor aggravated the hernia itself.

It is conceded there was sufficient proof here of the "manifestations" and notice prescribed in the amendment of April 13, 1927, P. L. 186, 189, to Section 306 of the Workmen's Compensation Law of 1915, to make this hernia compensable: Berner v. P. & R. C. & I. Co., 100 Pa. Superior Ct. 324.

When the case first reached the court below upon appeal by the company it was returned to the compensation authorities for more specific findings upon the controlling question whether the hernia, to which the employe's disability was admittedly due, was caused by the accident. Neither party offered additional evidence. Upon the existing record the referee made, and the board sustained, this additional finding: "The hernia responsible for claimant's disability was either caused or aggravated by the blow from the retracker and was an injury by an accident in the course of his employment." From the action of the court below dismissing its appeal and sustaining the award of compensation the present appeal was taken by the employer.

The learned and experienced counsel for appellant say in their brief: "This hernia was either caused

or it was aggravated by the accident, not both, and we are entitled to a definite finding on that point.'' We are not convinced that the compensation authorities were required to make a distinct finding one way or the other from the conflicting medical testimony in order properly to support their award. All the medical witnesses conceded the existence of the hernia. With that fact established, claimant's own testimony, if believed by the referee, would have justified the award. The defense interposed did not consist of proof of a different cause for claimant's disability for which appellant would not be liable, in which event it would have been incumbent upon the referee to find from the evidence which of the two causes was responsible for the disability, but merely of medical evidence tending to show that the hernia had existed prior to the accident. The finding of the referee was equivalent to saying that even if this testimony be accepted it does not amount to a defense against the claim because, under the uncontradicted testimony, disability immediately followed the accident and aggravation of a chronic ailment, through an accident in the course of employment, is a recognized ground for an award: Jones v. United Iron and Metal Co., 99 Pa. Superior Ct. 394; Johnston v. Orcutt et al., 103 Pa. Superior Ct. 507.

Upon consideration of the entire record, we think the finding sufficiently sustains the award. The conclusion of the court below that the employer's appeal should be dismissed and the award of the board sustained was correct, but judgment should have been entered on the award: Sec. 427, Act of June 26, 1919, P. L. 642, 666.

Appeal dismissed at the costs of appellant and record remitted to the court below with instructions to enter judgment on the award.