Petrusko, Appellant, *v.* Jeddo Highland Coal Co.

Argued March 8, 1933.

Before TREX-
LER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD,
PARKER and JAMES, JJ.

*Roger J. Dever,* for appellant.

*John H. Bigelow,* and with him *Carl E. Kirschner,*
for appellee.

OPINION BY CUNNINGHAM, J., July 14, 1933:

The claimant and appellant in this workmen's com-
pensation case is the widow of John Petrusko, lately
a miner in one of the collieries of the defendant com-
pany; she claimed compensation upon the ground that
an accident suffered by her husband in the course of
his employment—the sudden effort put forth in alight-
ing from a mine car in which he and other workmen
had been transported to their working places in the
mine—aggravated a pre-existing hernia with which he
was afflicted, caused it to become strangulated, and
necessitated an operation which resulted in his death.

As a result of the first hearing, the referee made
an award, which the board, as then constituted, af-
firmed; upon the employer's appeal to the court below,
that tribunal, after pointing out that it was conceded

claimant's husband suffered from hernia before the alleged accident and the medical testimony was to the effect that death resulted from a gangrenous condition of a portion of the intestine, occasioned by its strangulation within the hernia sac, remitted the record for the purpose of taking further testimony upon controlling questions, thus stated by the court: "(a) Did the accident produce the strangulation of the intestines? (b) If not, did the accident aggravate a pre-existing condition, and was the ensuing death attributable to such aggravation?"

After a further hearing, the referee again made an award upon the theory that the existing hernia had been aggravated, and its strangulation caused, by the "strain and sudden effort in jumping from the car." Upon the employer's appeal, the board, as now constituted, determined that the finding of the referee that strangulation occurred at the time Petrusko jumped from the car was not supported by the medical testimony relied upon by claimant; it, accordingly, set aside the findings of fact and conclusions of law of the referee and substituted its own. Thereupon, claimant appealed to the court below; her exceptions were dismissed and judgment entered in favor of the employer upon the grounds fully and clearly stated in an opinion filed by McLEAN, P. J.; from that judgment we have the present appeal.

The controlling findings of the board read:

"3. For sometime prior to October 13, 1928, claimant's decedent had been suffering from an old right inguinal hernia, and from the inferences to be derived from the testimony, we find that a certain amount of small intestine had been incarcerated in an old hernia sac for sometime prior to October 13, 1928.

"4. On October 13, 1928, claimant's decedent went down the slope of defendant's colliery to his work at about six o'clock in the morning in apparent good

health. In fact he told one of the men riding in the car with him that he was well. When he jumped out of the car at the foot of the slope he complained that he 'felt something crack in him.' However, he went on to his chamber but came back in about ten minutes all doubled up, holding his right side and asked for transportation out of the mine. It was provided. From the mouth of the slope he walked home and Dr. H. J. Neale, defendant's physician, was at once summoned to attend him. Dr. Neale diagnosed the condition as a strangulated, right inguinal, hernia, and [took him] at once to the Hazleton State Hospital.

"5. We find from all the testimony and the inferences to be derived therefrom, that when the decedent jumped out of the car, as heretofore described, the jar to his body forced an additional amount of viscera to enter the old hernia sac, which did not, however, cause a strangulation.

"6. We find from all the testimony and the inferences to be derived therefrom, that the effort of the decedent in walking from the mine, aforesaid, to his home caused an additional amount of viscera to enter the old hernia sac, which caused a strangulation and which immediately cut off the blood supply to the viscera, causing a gangrenous condition to develop.

"7. The decedent was admitted to the Hazleton State Hospital at 9:30 A. M., October 13, 1928, suffering with a strangulated right inguinal hernia. At 11:00 o'clock the same forenoon he submitted to an operation, at which time the surgeon found about eight feet of small intestine in the hernial sac, strangulated and gangrenous. The patient died on October 16, 1928, as the result of the hernial condition and the operation.

"8. The medical witnesses in the case do not state that the effort of the decedent, in jumping from the mine car aforesaid, produced a strangulation of the

hernia; nor do they state that the said effort was the proximate, predisposing, or superinducing cause of the death of the decedent, or that the death of the decedent was attributable to the fact that additional viscera entered the old hernia sac at the time and as the result of the effort of the decedent in jumping from the car.''

From these findings of fact the conclusion of law was drawn that the employe's death was not compensable.

Clearly, the hernia involved in this case was within the class of hernias contemplated by the amendment of April 13, 1927, P. L. 186, 189, to the Workmen's Compensation Act of June 2, 1915, P. L. 736, which added an additional sub-section to Section 306, designated as sub-section (g): Pollock v. Clairton Schl. Dist., 100 Pa. Superior Ct. 333.

We must, therefore, keep in mind these provisions of the amendment: ''Hernia shall be considered as a physical weakness or ailment, which ordinarily develops gradually, and shall not be compensable, unless conclusive proof is offered that the hernia was immediately precipitated by such sudden effort or severe strain that: first, the descent of the hernia immediately followed the cause; second, there was actual pain in the hernial region; third, the above manifestations were of such severity that the same were immediately noticed by the claimant and communicated to the employer, or a representative of the employer, within forty-eight hours after the occurrence of the accident.''

As stated by the learned president judge of the court below, the claimant in this case had the burden of showing, by the character of proof required, first, that the hernia was ''immediately precipitated'' by some ''sudden effort or severe strain'' and second, that its descent ''immediately followed the cause.''

In this case the board has found that the hernia had

descended before any sudden effort was exerted by the employe in jumping from the mine car and that the only effect of the "jar to his body" was the forcing of an additional amount of viscera into the old hernia sac, but not to such an extent as to cause strangulation. The facts, as found by the fact finding tribunal, clearly distinguish the case at bar from that of Zionek v. Glen Alden Coal Co., 105 Pa. Superior Ct. 189, 160 A. 154, which was a case of, at least, the aggravation, by a severe blow in the inguinal region, of a hernia, alleged by the employer to have been pre-existing. In that case the hernia was immediately precipitated by the injury, and its descent immediately followed the blow; the manifestations indicated by the amendment were immediately noticed by the employe and communicated to the employer within the prescribed limit of time. Further, the operating surgeon in the Zionek case was asked the question: "Assuming it is true that this young man was injured the way he said he was injured, what did that injury do to the hernia such as you found in this case?" to which he replied, "The contents came down at the time."

We agree with the conclusion of the court below, that if an employe proceeds to work with a descended hernia, the fact that additional viscera found its way into the hernia sac, coincident with some effort or strain occasioned by his employment, does not bring the case within the intendment of the statute. And this is particularly true in this case, as one of the physicians, called by claimant, testified that Petrusko's condition was such that any "ordinary exertion" would have affected the hernia, from which he was suffering, in that manner. In order that a hernia may be compensable, under the amendment, the evidence must show, inter alia, that its descent followed, and did not precede, the sudden effort or severe strain relied upon by the claimant or his dependents as such

an "accident" as would bring the case under the general provisions of the statute.

Moreover, there is no suggestion in this record that the "manifestations," specified in the amendment, were communicated to the employer "within forty-eight hours after the occurrence" of the alleged accident.

After a careful reading of the testimony, we agree with the court below that the inferences of fact drawn by the board from the competent evidence are warranted thereby and that the law has been properly applied to the facts as found. It follows that the assignments of error must be overruled.

Judgment affirmed.