Tragle v. Hollis Chocolate Co. et al., Appellant.

Argued November 13, 1933.

Before TREXLER, P. J., KELLER, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Mark C. McQuillen,* and with him *Charles W. Matten* and *Harry R. Matten,* for appellant.

*Ralph C. Body,* and with him *Stevens & Lee,* for appellee.

OPINION BY BALDRIGE, J., December 16, 1933:

The undisputed facts in this compensation case may be briefly stated as follows:

The claimant, on October 17, 1931, while in the employ of the defendant as a shipping clerk, fell astride a ladder while engaged in taking an inventory. He had been afflicted with a lateral hernia since 1918, but kept it under subjection by a truss, enabling him to work. The fall rendered him unconscious and when he arose he felt sick at his stomach, and the rupture came out from under his truss. He reported the mishap to his employer, and although in pain he continued his work for a few hours, then went home. The following morning he was confined to bed, a physician was summoned who found him suffering pelvic pain, with contusions in that region, great distress in urination, and the hernia uncontrolled by the truss. The physician, who was familiar with the conditions of the hernia prior to the accident, advised an operation, which took place October 30, 1931. The claimant convalesced normally until November 21, 1931, when he was suddenly seized with severe pain in his chest, and it was discovered that he was suffering from an embolus, which caused an abscess in his lung; this in turn superinduced arthritis in his hands and shoulders, and a general debilitation, resulting in total disability. The claimant had signed a compensation agreement on October 23, 1931, and two weeks later he executed a final receipt for $30 covering all compensation. This receipt was signed on his attending physician's advice that the preexisting hernia would bar him from obtaining further compensation for his injuries. On April 7, 1932, the claimant filed his petition for review, alleging that he had signed the final receipt by mistake. The compensation authorities found that the final receipt was signed by mistake, set it aside, and awarded a resumption of compensation. On ap-

peal, the decision of the Workmen's Compensation Board was affirmed and exceptions thereto dismissed.

The appellant's sole contention is that the claimant is not entitled to recover as he admittedly failed to give his employer, or its representative, notice within 48 hours after the occurrence of the accident, as required by article 3, section 306(g) of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the Act approved April 13, 1927, P. L. 186, §1 (77 PS §652). That position would be sound if that section were applicable. The claimant maintains, and the learned court below so found, that the claimant sustained an "injury," as defined in section 301 of the Workmen's Compensation Act (77 PS §411). In order for him to come under section 306(g) he was required to prove conclusively "that the hernia was immediately precipitated by such sudden effort or severe strain that: first, the descent of the hernia immediately followed the cause." In the language of the learned court below, "he must prove that it was a new thing, caused by the accident, or, in other words, that where there was no hernia before the accident, there was a hernia after the accident." As already stated, this hernia did not follow but preceded the accident. Therefore, the original descent of the hernia, which is essential to bring it under section 306(g), could not be attributed to the accident. But the accident aggravated the preexisting condition and caused an enlargement and strangulation of an existing, external hernia. In discussing the hernia amendment, we said in Petrusko v. Jeddo Highland Coal Co., 109 Pa. Superior Ct. 288, 167 A. 242, 244: "...... if an employe proceeds to work with a descended hernia, the fact that additional viscera found its way into the hernia sac, coincident with some effort or strain occasioned by his employment, does not bring the case within the intendment of the statute." Therefore, if a notice had been given within 48 hours, as

provided by section 306(g), it would have been in vain as the accepted facts did not bring the claimant within that section. Unless, therefore, he comes within section 301, his disability, although brought about by an injury accidentally suffered in the course of his employment, would deprive him of an award because he had a chronic ailment which made him more susceptible to such injury. The appellant would have us hold that a claimant with a known existing hernia, aggravated by an accident in the course of his employment, was not entitled to compensation. Such a result would not be within the letter or the liberal spirit of the compensation law, which has for its fundamental purpose the allowance of compensation for honest claims for injuries sustained in the course of employment; nor would it be in accord with the interpretation we have placed thereon. See Zionek v. Glen Alden Coal Co., 105 Pa. Superior Ct. 189, 160 A. 154.

Judgment affirmed.