**SOUTHERN S. S. CO. v. NORTON, Deputy Compensation Com'r, et al.**

**No. 886.**

District Court, E. D. Pennsylvania.

July 9, 1940.

George F. Blewett, of Philadelphia, Pa., for plaintiff.

Edward A. Kallick, U. S. Atty., and J. Barton Rettew, Jr., Asst. U. S. Atty., both of Philadelphia, Pa., for Norton.

E. Herman Fuiman, of Philadelphia, Pa., for defendant Butler and others.

KIRKPATRICK, District Judge.

This is a proceeding to review an order under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., awarding compensation to Nellie Butler, widow of Walter Butler. The Commissioner found as facts that Walter Butler sustained injuries in the course of his employment on July 28, 1938, including cerebral concussion and multiple contusions; that total disability resulted from the injury, until his death on August 8, 1939; and that his death occurred "as a result of carcinoma affecting the right lung and adjacent tissues and organs; that the carcinoma was caused or aggravated by trauma sustained * * * July 28, 1938."

It seems hardly necessary to advert to the construction placed by the Courts upon 33 U.S.C.A. § 921, that the review authorized by the Act for findings of the commissioner "not in accordance with law" is limited to ascertaining whether such findings are supported by competent evidence. If the findings are supported by such evidence, they are conclusive, and this applies as well to logical conclusions and inferences which may be and are taken by the deputy commissioner from the facts so established. Del Vecchio v. Bowers, 296 U. S. 280, 56 S.Ct. 190, 80 L.Ed. 229; Voehl

v. Indemnity Ins. Co. of North America, 288 U.S. 162, 163, 53 S.Ct. 380, 77 L.Ed. 676, 87 A.L.R. 245; Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598.

■ In the light of these principles it is difficult to see any justification for this proceeding for review. Taking only the evidence of Dr. Beltram, called as a witness by the employer, who saw Butler the day after he was injured, the facts show that Butler's main injuries "centered about the skull, the lower part of the back which we term so-called dorso-lumbar region." It also appears from his wife's testimony that soon after he was taken to the hospital he began spitting blood, a symptom which he complained of to Dr. Beltram. A year later he died as a result of a carcinoma which seemed to have had its origin in the left pleura, but which had spread so as to involve the entire left lung and part of the right lung. There is thus a history of trauma in a part of the body which could have affected and probably did affect the interior regions in which the cancer was found, followed by death from cancer. There is also definite opinion testimony to the effect that the injury to the back started the cancer.

There is evidently a sharp divergence of scientific opinion upon the point whether trauma can ever be the inducing cause of cancer, but even the physician who testified that in his opinion it could not be, conceded that there is respectable authority upon the other side.

There was also testimony from an expert called by the employer to the effect that the cancer must have existed at the time of the injury and that it would have caused death in any event, but, of course, testimony that a cancer may be produced by trauma necessarily carries the conclusion that an existing cancer would be aggravated by it. And the employer's expert in answer to the question, "* * * is it correct in assuming that the accident would aggravate the existing cancerous mass that he had which compelled him to continue spitting blood?" said, "Well, if you mean by the production of another symptom, if you mean by that aggravation, I would say yes, another symptom was produced."

■ The Deputy Commissioner's fact finding, upon which the employer's liability was based, was in the alternative, but such finding is entirely proper in a case of this kind. Either Butler had a carcinoma of the lung under way when he was injured, or he did not. There is testimony that, if he did not, the cancer which caused his death was caused by the injury, and, if he did, the inferences logically deducible from the testimony are that it must have aggravated the existing condition. Within the field of possibilities thus limited, an alternative finding is not contrary to law.

■ The Superior Court of Pennsylvania, in reviewing an alternative finding by the Compensation Board to the effect that "The hernia responsible for claimant's disability was either caused or aggravated by the blow," said, "The defense interposed [consisted] * * * merely of medical evidence tending to show that the hernia had existed prior to the accident. The finding of the referee was equivalent to saying that, even if this testimony be accepted, it does not amount to a defense against the claim because, under the uncontradicted testimony, disability immediately followed the accident, and aggravation of a chronic ailment, through an accident in the course of employment, is a recognized ground for an award. Jones v. United Iron & Metal Co., 99 Pa.Super. 394; Johnston v. Orcutt et al., 103 Pa.Super. 507, 157 A. 46." Zionek v. Glen Alden Coal Co., 105 Pa.Super. 189, 160 A. 154, 155. "Death resulting from an injury" in Section 2 of the Act, 33 U.S.C.A. § 902(11), covers cases in which an injury aggravates or accelerates an existing condition so that death ensues earlier than it would in the ordinary course, even though the existing condition would have ultimately resulted fatally. See Southern Shipping Co. v. Lawson, D.C., 5 F.Supp. 321, 324, where the Court said that a compensation award was not precluded in a case where a long existing arterial aneurysm was ruptured by exertion, "if his work had some definite, discernible, and proximate relation to the rupture which caused his death."

The bill is dismissed.