Opinion by
 

 Kenworthey, J.,
 

 In this workmen’s compensation case, the compensation authorities, in an order subsequently affirmed by the court below, granted claimant’s petition to set aside a final receipt. The employer has appealed.
 

 On February 9, 1937, while in the employ of Titan Metal Manufacturing Co., claimant was accidentally injured in the course of his employment when a hot brass rod burned his leg. The burn resulted in the development of a varicose ulcer. He did no work for the Titan Company after the accident, but it was apparently conceded that after March 5, 1937, he was able to do some work and, on May 10,1937, he went to work for McFeely Brick Company. On May 21, 1937, while in the employ of McFeely Brick Company, an adjuster of the Titan Company’s insurance carrier had an interview with claimant, at the conclusion of which he paid claimant a total of $92.40 and claimant executed and delivered a final receipt. Although the leg ulcer had not healed, and although he realized that the execution of the receipt would terminate his right to compensation, claimant said he signed the receipt because the adjuster told him he was not entitled to any more compensation because he was working.
 
 [1]
 

 Claimant continued to work for the McFeely Brick Company until September 1937, when he entered Pennsylvania State College, remaining there until the academic year closed in the spring of 1938. On July 19, 1938, he filed the petition to set aside the final receipt.
 

 The petition set forth that claimant was, on May 10, 1937, when the receipt was signed, and had continued
 
 *351
 
 to be thereafter, partially disabled; and asked that the receipt be set aside on the ground that the adjuster had been guilty of misconduct in misrepresenting his rights. The petition was amended at the hearing to include, as a ground, that it had been executed under a mistake of fact. The referee found it had been executed under a mistake of fact “for the reason that he was certainly not fully recovered at that time, as the agreement and final receipt indicate,” and awarded compensation on the basis of 50% partial disability. The Board found that the statement by the adjuster amounted to improper conduct in securing the execution of the final receipt or, in the alternative, that the misstatements at least evidenced a mistaken belief on the part of both adjuster and claimant as to what the claimant’s rights were, which was the equivalent of a mistake of law.
 

 Since claimant, at the time he signed the receipt, knew the injury had not healed, there was no evidence to sustain the referee’s finding of a mistake of fact.
 
 Cooper v. Byllesby Engineering & Management Co.,
 
 140 Pa. Superior Ct. 158, 14 A. (2d) 222. We conclude, however, that there was evidence to support the finding that the receipt was executed under a mistake of law. See
 
 Tragle v. Hollis Chocolate Co.,
 
 111 Pa. Superior Ct. 98, 169 A. 472.
 
 [2]
 
 For that reason, it is unnecessary for us to consider whether there was any evidence to support the finding of misconduct.
 

 We also think there was sufficient evidence to sustain the finding that claimant was partially disabled at the time he signed the receipt and that the disability continued thereafter up to the time of the hearing. Claimant testified that, although he went to work on May 10, 1937, he was unable to work steadily because of his leg
 
 *352
 
 and that from June 20, 1937, he was constantly under medical care. A physician testified that the ulcer was very difficult to heal, and that there was some swelling of the leg, which persisted even up to the time of the hearing on June 20, 1939, and, in his opinion, claimant was 50% disabled, being confined in his ability to work to jobs which did not require extended use of the leg. Another physician testified that as soon as claimant was on his feet for long periods, his leg became swollen and in that condition it made the ulcer more difficult to heal. And, in the opinion of this physician, there was a causal connection between the original injury and the ulcer which caused the disability.
 

 Judgment is affirmed.
 

 [1]
 

 The fact he was working would not necessarily have been a bar to his right to compensation for partial disability.
 
 Strickland v. Baugh & Sons Co.,
 
 139 Pa. Superior Ct. 273, 11 A. (2d) 547;
 
 Bonomo v. State Workmen’s Ins.
 
 Fund, 111 Pa. Superior Ct. 402, 170 A. 428.
 

 [2]
 

 The failure of the petition to include mistake of law as a ground for setting aside the receipt is of no consequence because we have held that “claimants in compensation cases are not held to strict rules of pleading.”
 
 Szymanski v. Culmerville Coal Co.,
 
 141 Pa. Superior Ct. 303, 305, 14 A. (2d) 565.