## Bird, Appellant, *v.* Brown.

Argued March 2, 1942.

Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

Russell J. O'Malley, for appellant.

Walter W. Harris, of O'Malley, Hill, Harris & Harris, for appellee.

OPINION BY RHODES, J., April 22, 1942:

The court below reversed the award of the Workmen's Compensation Board in favor of claimant, and entered judgment for defendant. Claimant has appealed.

This is a hernia case, and the alleged accident occurred on September 9, 1938. At that time there were no statutory requirements in the compensation act then in force relating specifically to the essential proofs in hernia cases. *Eckman v. U. S. Lock & Hardware Co. et al.*, 146 Pa. Superior Ct. 513, 23 A. 2d 232. The burden, however, was on claimant to establish that he sustained an injury by an accident in the course of his employment, and that his disability resulted from such accidental injury. *Adamchick v. Wyoming Valley Collieries Co.*, 332 Pa. 401, 410, 3 A. 2d 377, 381; *Reap v. Kehoe-Berge Coal Co. et al.*, 140 Pa. Superior Ct. 510, 514, 14 A. 2d 147.

Claimant, aged 43, was employed for 15 years by defendant as a truck driver and freight handler. His duties included the hauling, loading, and unloading of

cases and crates of merchandise between warehouses and stores of a grocery company. Until six months before the alleged accident he had a helper; thereafter he was obliged to do the work alone. On September 9, 1938, he was hurriedly unloading a truck containing 300 separate packages of merchandise, ranging in weight from 5 pounds to 100 pounds each. After he had unloaded half the contents of the truck, and while lifting two boxes having a combined weight of 70 to 80 pounds to a platform at a height above his shoulders, he felt a sudden severe cutting pain at the lower part of his stomach. He testified: "Q. At the time you are now talking about, how heavy was the box you lifted? A. Well I had two cases at the particular time, I figured they usually went seventy to eighty pounds. Q. For both? A. I imagine, that is about, I don't know exactly. Q. Did you have to lift them above the floor? A. Above here. (Pointing to the shoulders.) Q. You lifted them from the truck to about the top of the truck over in this doorway putting them up there? A. Yes, sir. Q. When you were in the act of doing that whether you suffered anything, I would like you to explain to the referee what was it, what was the nature? A. Something caught me in the bottom of the stomach, it was like a cutting, severe pain. It felt like my insides were rolling like water and I got deathly sick to the stomach, I was so weak I couldn't lift any more cases, there was another man taking a case and I said 'I can't do it any more,' and I said: 'Will you finish unloading it?' I laid down on the sugar sacks and after he unloaded the truck I took the truck to the warehouse. ...... Q. Now you say that when you lifted these two boxes up above your shoulder you had a sharp pain in the side? A. Right in the bottom of the stomach? Q. You were nauseated, sick to the stomach? A. Yes, sir. Q. And you didn't do any more work? A. No, I couldn't do any more if I wanted to."

Claimant went home, and found a large swelling

which was very red across the bottom of his stomach. He remained in bed until the 12th, when he went to see Dr. R. J. Flynn who, upon examination of claimant, found "a fairly good sized left scrotal hernia which was quite difficult to reduce, ...... left inguinal hernia, extending into the scrotum." Claimant had always been a strong muscular man. He was obliged to remain in bed the greater part of five weeks, and has not worked since the alleged accident. Dr. Flynn was called by claimant, and Dr. J. O. MacLean testified for defendant. The latter examined claimant on April 17, 1939, and was of the opinion that the hernia preexisted the date of the alleged accident, and that it might be congenital. Dr. Flynn, who attended claimant three days after the alleged accident, testified that a strain from lifting would cause intra-abdominal pressure and produce such a hernia, but that he believed the trouble existed before September 9th. Neither doctor had examined claimant prior to the occurrence in question. There was no evidence as to claimant's condition prior to September 9th other than that he was a robust man who had been performing similar work for defendant for a period of 15 years. He did not testify that he had never suffered previously from a hernia, or that he had never had any symptoms of hernia, and there was no other testimony that he had been free from this condition before that day.

In the present case there was no presumption that the hernia was congenital, or that it was of gradual development. But the issue was whether there was an accidental injury with disability attributable thereto.[1]

---

[1] Among the hernia cases decided under the different statutory provisions where we held that there was sufficient evidence to justify the finding of an accidental cause are the following: *Utzman v. Pennsylvania Rubber Co. et al.*, 96 Pa. Superior Ct. 463; *Vitanza v. Iron City Produce Co. et al.*, 131 Pa. Superior Ct. 441, 200 A. 311; *Fye v. Baltimore & Ohio R. Co.*, 133 Pa. Superior Ct. 550, 3 A. 2d 275; *Camilli v. Pennsylvania R. Co.*,

A hernia has been defined as "a protrusion of an organ or part of some tissue, which has escaped from its normal situation and projects through a natural or accidental opening in the walls of the cavity within which it is contained": Legal Anatomy and Surgery, Maloy, p. 571. Malformations and imperfect development of the abdominal walls or the contents of the abdomen have much to do with congenital cases; acquired hernias may follow any condition which has a tendency to weaken the belly walls or to increase pressure from within, such as violent exercise with straining as when a heavy weight is lifted. Legal Anatomy and Surgery, Maloy, supra, pp. 574, 575.

" 'The exciting cause of hernia is generally some over-exertion, as in lifting a heavy weight, jumping off a high wall, straining. ...... The pressure of the diaphragm above and the abdominal wall in front acting on the abdominal viscera causes a protrusion at the weakest point. Rupture is either congenital or acquired. A child may be born with a hernia in the inguinal or umbilical region, the result of an arrest of development in these parts; or the rupture may be acquired, first appearing, perhaps, in adult life as the result of a strain or hurt': Encyclopaedia Britannica, Vol. 13, p. 372, 11th Ed.": *Utzman v. Pennsylvania Rubber Co. et al.*, 96 Pa. Superior Ct. 463, at page 465.

The board was of the opinion that claimant sustained an accident which aggravated a pre-existing hernia. There is no definite testimony other than the opinion of the doctors that he did or did not suffer from a hernia previous to the accident. The board made no separate findings of fact but affirmed the findings of fact, conclusions of law, and award of the referee. The referee merely found that claimant, while lifting the

135 Pa. Superior Ct. 510, 7 A. 2d 129; *Testa v. National Radiator Corp. et al.*, 141 Pa. Superior Ct. 206, 15 A. 2d 42; *Palermo v. North East Preserving Works, Inc., et al.*, 141 Pa. Superior Ct. 211, 15 A. 2d 44.

cases which weighed from 70 to 80 pounds above his shoulders, strained himself, and thereupon felt a cutting, severe pain at the bottom of his stomach.

Compensation has been allowed in cases where there has been an aggravation of existing hernias by *clear* accident. *Zionek v. Glen Alden Coal Co.,* 105 Pa. Superior Ct. 189, 160 A. 154; *Tragle v. Hollis Chocolate Co. et al.,* 111 Pa. Superior Ct. 98, 169 A. 472. An accidental injury may not be inferred where disability merely results from the natural progress of a disease or condition occasioned or hastened by the labors regularly performed in one's usual employment. See *Keck v. John Mullen Construction Co. et al.,* 113 Pa. Superior Ct. 564, 567, 173 A. 863; *Adamchick v. Wyoming Valley Collieries Co.,* supra, p. 410; *Royko v. Logan Coal Co. et al.,* 146 Pa. Superior Ct. 449, 458, 22 A. 2d 434. But there may be an accidental injury where an employee, performing hard work of the same kind and in the same manner he had been doing for years, sustains an unusual and not to be expected injury to internal organs of his body which were not affected by any pre-existing disease—an injury which was not the natural or probable result of what he was doing. See *Fye v. Baltimore & Ohio R. Co.,* 133 Pa. Superior Ct. 550, 557, 3 A. 2d 275; *Camilli v. Pennsylvania R. Co.,* 135 Pa. Superior Ct. 510, 513, 7 A. 2d 129.

The court below reversed the award on the ground that there was no proof of any accident causing claimant's hernia. On the present state of the record we are not prepared to say that this conclusion is or is not correct. We think the record should be returned to the board that the facts may be more fully developed, and that there be more specific findings of fact by the compensation authorities.

Judgment is reversed, and the record is remitted to the court below, with direction that the same be returned to the board for further proceedings not inconsistent with this opinion.