CHARLES L. VON CLOEDT, RESPONDENT, v. YELLOW TAXICAB COMPANY, A CORPORATION, AND UNITED STATES CASUALTY COMPANY, A CORPORATION, APPELLANTS.*—18 S. W. (2d) 84.

St. Louis Court of Appeals.   Opinion filed June 4, 1929.

*Corpus Juris-Cyc References: Workmen's Compensation Acts, —CJ, section 57, p. 68, n. 42.

*Walts & Gentry* and *Arnot L. Sheppard* for appellants.

*Rollins & Barry* for respondents.

BECKER, J.—This case arises under the Workmen's Compensation Act, Laws of Missouri 1927, pp. 491 to 522, and the sole question raised here on appeal is as to the correctness of the final award of the Missouri Workmen's Compensation Commission in allowing respondent the sum of $160 as compensation for estimated temporary total disability of eight weeks, which the commission deemed respondent will be compelled to suffer if he is operated on for hernia, and the further allowance of $175, the cost of such operation.

We find substantial evidence to support the finding of facts of the commission to the effect that prior to the date of the accident in question the respondent was suffering with an incomplete hernia of such a nature, however, that it did not necessitate an operation, and that in said accident respondent suffered injuries which aggravated his hernia to such a degree that an operation therefor became necessary.

The question raised here requires us to determine whether hernia is compensable under our Workmen's Compensation Act. The only specific reference to hernia found in the Act is in section 17 thereof (Mo. Session Acts 1927, p. 499), which deals with the compensation that the employer shall pay to the employee for injuries resulting in *"permanent partial disability."* This section consists of two paragraphs "(a)" and "(b)" and reads in part as follows:

"Sec. 17. *Permanent partial disability—compensation for various injuries—how computed.*—(a) For permanent partial disability, in lieu of all other compensation, excepting that provided under section 13 of this Act, the employer shall pay to the employee sixty-six and two-thirds per cent of his average earnings as computed in accordance with section 22, but not less than $6 nor more than $20 per week for the periods hereinafter provided:

"Nature of injury. Weeks."

Here follows the list of forty-six various injuries and the number of weeks that allowance may be permitted for each.

"For permanent injuries other than those above specified, the said compensation shall be paid for such periods as are proportionate to the relation which the other injury bears to the injuries above specified, but no such period shall exceed 400 weeks. Such other injuries shall include permanent injury causing a loss of earning power. . . ."

"(b) In all claims for compensation for hernia resulting from injury arising out of and in the course of the employment, it must

be definitely proved to the satisfaction of the commission: First, that there was an accident resulting in hernia; second, that the hernia appeared suddenly, accompanied by intense pain; third, that the hernia immediately followed the accident; fourth, that the hernia did not exist in any degree prior to the accident resulting in the injury for which compensation is claimed.''

It is here urged that hernia is not compensable under the Act even though it results from injury arising out of and in the course of the employment unless it measures up to the requirements set out in said section 17 (b). To this, view we cannot assent.

Whether òr not hernia resulting from injury shall be compensable under workmen's compensation acts has been a question argued *pro* and *con* in the various states which have adopted such acts. Our examination of other acts of like character discloses that in most instances the acts contain a separate section dealing solely with the subject of hernia, and it is clear that in such acts there can be no compensation allowed for hernia unless the claimant brings himself within the terms prescribed in such section as a prerequisite to compensation. However in our Workmen's Compensation Act, and in fact in the Act which appears in the Revised Statutes of 1919, as well as the Workmen's Compensation Act, Laws of Mo. 1921, pp. 425 to 459, which Act was rejected in *referendum* November 7, 1922, specific reference to hernia is made in a paragraph in the section that deals with ''permanent partial disability.''

It is a fair presumption that at the time our Legislature adopted the present Workmen's Compensation Act they were cognizant of the manner in which other States that had prior thereto adopted workmen's compensation acts had dealt with the subject of hernia. Hernia had been provided for either by separate sections or by subsections under general headings, which made hernia compensable only if and when the injured employee brings himself within such special prerequisites, in the acts of the States of Alabama, sec. 7551 (f-1), Code 1923; Colorado, sec. 80, Acts of 1915, as amended by Acts of 1923, p. 744; Idaho, Compiled Statutes 1919, sec. 6235; Illinois, Acts of 1913, sec. 8, p. 342, as amended by Act of 1925, sec. 8 (d-1); Kentucky, Acts of 1916, 4-a; Louisiana, Acts of 1914, No. 20, sec. 8, as amended by Act No. 85 of 1926, sec. 8, subsection 1 (d), par. 17; Montana, Revised Code 1921, sec. 2921; New Jersey, Acts of 1911, ch. 95, sec. 2, par. 11, as amended by Acts of 1919, ch. 93, par. 11 (x); New Mexico, Acts of 1917, ch. 83, sec. 17 (b); Oklahoma, Compiled Statutes 1921, sec. 7290 (as amended 1923, ch. 61); Oregon, Laws 1920, sec. 6626 (as amended Laws 1921, ch. 311); Texas, Revised Civil Code 1925, title 130, art. 8306, sec. 12-b; Virginia, Acts 1918, ch. 400, sec. 2, as amended, Acts 1922, ch. 425; Acts 1923, ch. 22; Acts 1926, ch. 534; West Virginia, Acts 1913, ch. 10, sec. 25. Hernia is not dealt with in this manner in our Act but instead four specific pre-

requisites for recovery are required only if and when compensation is sought for such injury for permanent partial disability. This difference between other acts and our own is so marked that it must be viewed as an intentional limitation of the four prerequisites set out in section 17 (b) to such cases only in which compensation is sought for hernia which results in permanent partial disability. This view is borne out by the fact that we find no reference or limitation as to hernia in the Act in the preceding sections wherein specific provisions are made (sec. 15) for temporary total disability, or (sec. 16) for temporary partial disability, or (sec. 18) for permanent total disability, or (secs. 20 and 21) dealing with the subject of injuries resulting in death. Subsection (b) of section 17 is clear in its terms and we must enforce it as written and with reference to the subject-matter of the section wherein we find it.

Restricting the requirements necessary to be proven as a prerequisite for compensation for hernia as the result of an accident to those case for which claim for compensation is made for permanent partial disability alone makes our Workmen's Compensation Act more liberal toward employees in the matter of recovery for injury resulting in hernia than those states which we have adverted to above. In other words our Legislature, under the Missouri Act, makes hernia resulting from injury arising out of and in the course of the employment, compensable upon the same conditions as other compensable injuries excepting as to compensation for permanent partial disability where it has seen fit to provide that as a prerequisite to recovery there shall be proof made as provided for in subsection (b) of section 17.

Holding as we do, therefore, that hernia, other than for compensation for permanent partial disability, stands upon the same footing as other injuries that are compensable under the Act, and finding substantial testimony here to support the finding that respondent, who had an incomplete hernia prior to the accident, of such character however that it did not require an operation, was injured as a result of the accident and that such injury resulted in said prior incomplete hernia becoming a complete inguinal hernia which necessitated an operation to correct, then under section 13 of the Act the award herein complained of, namely, $175 for an operation for hernia and eight weeks at $20 per week for total disability following such operation, is warranted.

In light of the above we accordingly rule that the award of the commission, and the judgment of the circuit court of the city of St. Louis affirming it, should be affirmed. It is so ordered. *Haid, P. J.,* and *Nipper, J.,* concur.