### LILES et al. v. ÆTNA LIFE INS. CO.
#### No. 13264.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 22, 1935.

Rehearing Denied Jan. 3, 1936.

Houston & Johnson, of Dallas, for appellants.

Wren, Pearson & Jeffrey, of Fort Worth, for appellee.

BROWN, Justice.

Appellants, Ada Liles and her minor daughter, Louise, made claim before the Industrial Accident Board, as surviving wife and daughter, respectively, of H. A. Liles, now deceased, for compensation by reason of the death of Liles, brought about by reason of an injury received while in the course of his employment with Whaley Mill & Elevator Company, which resulted in his death. The insurance carrier, Ætna Life Insurance Company, is the appellee.

After the board made its final award, appellee brought suit in the district court of Cooke county, in due season, to set aside the award made by the board.

The pertinent allegations of the answer and cross-action filed by Mrs. Ada Liles are:

"3. That for a long time prior to the 14th day of June, 1933, the said H. A. Liles had had a hernia, commonly called rupture, which was not the result of any compensable injury but was a condition that he was afflicted with, and notwithstanding which he continued to work, during the time that he was employed by the said Whaley Mill & Elevator Company as superintendent of its mill at Gainesville; that the said hernia consisted of, as is usual in such cases, an enlargement, stretching or torn condition of the inguinal canal, and the rings thereof, forming the connecting passage between the lower abdomen and the scrotum; that on or about the aforementioned date, towit, June 14, 1933, the said H. A. Liles, while in the performance of his usual duties as superintendent of the mill, had occasion to do some lifting of sacks of material and that in the strain and effort of doing such lifting some of the contents of his lower abdomen, towit, some part of the intestine was forced through the inguinal opening and into the scrotum; that the amount of the intestine and the pressure with which it was forced through the opening by the muscular strain and the natural contraction thereafter set up in the inguinal region produced a condition sometimes referred to as a strangulation, that is to say, the intestine was pinched and would not pass back into the abdomen, where it normally belonged without an operation; that the immediate effects of such protrusion of the intestine to the scrotum and the strangulation thereof were a profound shock and intense pain; that this occurrence took place near the regular hour of leaving employment for the day and the said H. A. Liles was immediately taken home by his daughter in an automobile and a physician was called to attend him; that the strangulated condition could not be relieved without an

operation and an operation was performed within a few hours under a general anesthetic; that the irritating effect of the anesthetic in the respiratory tracts and in the lungs precipitated a condition of pneumonia, which, coupled with the effects of the strangulation or of itself alone resulted in the death of the said H. A. Liles; that the operation and the administration of the anesthetic were necessary in an effort to save the life of the said H. A. Liles and the death of the said H. A. Liles followed as a natural result, under the circumstances herein alleged, of the damage or harm to the physical structure of his body originating, as alleged, in his employment."

The minor daughter, Louise Liles, adopted this pleading. A demurrer to the answer and cross-action was sustained and appellants having declined to amend, the trial court dismissed the cross-actions, and set aside the award of the board, and adjudged the costs against the compensation claimants.

An appeal has been perfected and the sole question is whether, under the allegations, a cause of action is stated in the petition, or whether the provisions of the Workmen's Compensation Law—article 8306, R.C.S., § 12b—which deal with the specific injury known as "hernia," solely apply. This section provides: "In all claims for hernia resulting from injury sustained in the course of employment, it must be definitely proven to the satisfaction of the board: 1. That there was an injury resulting in hernia. 2. That the hernia appeared suddenly and immediately following the injury. 3. That the hernia did not exist in any degree prior to the injury for which compensation is claimed. 4. That the injury was accompanied by pain." Then follow provisions for an operation, and for certain disposition, if the employee refuses to submit to an operation, or submits thereto, and the section closes as follows: "If the hernia results in death within one year after it is sustained, or the operation results in death, such death shall be held a result of the injury causing such hernia and compensated accordingly under this law."

Section 12c provides: "If an employee who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured employee had there been no previous injury."

The trial court has, by its judgment, held that the claimants' pleading is one for compensation for a hernia, and the fact that the pleading states on its face the prior existence of a hernia renders it wholly ineffective when attacked by a general demurrer.

We believe the trial court has erred in his judgment.

The provisions of the Workmen's Compensation Law (Vernon's Ann.Civ.St. art. 8306 et seq.) should be liberally construed to effect its remedial purpose and justice. Lumberman's Reciprocal Association v. Behnken, 112 Tex. 103, 246 S.W. 72, 28 A.L.R. 1402.

We do not believe that the general provisions of the law are to be construed as closing the door of relief to the appellants in this suit, solely because the injured employee had a hernia which did not incapacitate him for work, when, because of acts, done in the course of his employment, he suffers such an injury to the physical structure of his body that the hernia is enlarged to the extent that his intestines are forced into a state of strangulation and an immediate major operation is rendered necessary to save his life, and from which necessary operation death results.

We find no case like this, in our Texas reports, but feel fortified in our conclusions by the following decisions: Drecksmith v. Universal Carloading & Distributing Co. (Mo.App.) 18 S.W.(2d) 86; Puritan Bed Spring Co. v. Wolfe, 68 Ind.App. 330, 120 N.E. 417, 418; Tragle v. Hollis Chocolate Co., 111 Pa.Super. 98, 169 A. 472, and Von Cloedt v. Yellow Taxicab Co., 223 Mo.App. 376, 18 S.W.(2d) 84.

The expressions given by Chief Justice Dunklin, speaking for this court, in the case of Security Mutual Casualty Co. v. Bolton, 84 S.W.(2d) 552, are indicative of the construction we place upon the general provisions of the act before us.

The judgment of the trial court is reversed, the cause is reinstated and remanded for a trial upon the merits.