Roy M. WRIGHT, Appellant,

v.

J. A. TOBIN CONSTRUCTION COMPANY and the Travelers Insurance Company, Respondents.

No. 23651.

Kansas City Court of Appeals.
Missouri.

Feb. 4, 1963.

Blackford, Imes, Compton & Brown, J. William Blackford, Kansas City, for appellant.

Jack B. Robertson, Rogers, Field & Gentry, Kansas City, for respondents.

HUNTER, Judge.

Roy M. Wright, claimant-appellant, was an employee of respondent, J. A. Tobin Construction Company. Both were under and subject to the provisions of the Missouri Compensation Law. Travelers Insurance Company is the employer's insurer. Sometime prior to 1959 Wright incurred a right inguinal hernia. In December, 1959, his doctor had recommended an operation to repair it but because of financial problems Wright was unable to undergo an operation and instead wore a truss.

The parties have stipulated that on June 18, 1960, Wright suffered an accident or unusual strain arising out of and in the course of his employment which caused a strangulated right inguinal hernia condition. He was admitted to the Smithville Missouri Hospital, operated on, and experienced a full recovery.

In this Workmen's Compensation action Wright's medical claim is for temporary total disability, medical and hospital expenses and such healing period benefits as he is entitled to by law. It is agreed that his medical and hospital expenses total $447.45 and that as a result of the operation he was temporarily totally disabled from June 18, 1960, to September 9, 1960. His agreed compensation rate was $45.00 per week. The referee found the facts as outlined above, found Wright to be entitled to temporary total disability from June 8, to September 9, 1960, in the sum of $540.00 and awarded a total of $987.45.

On review, the Industrial Commission reversed entering its final award denying compensation for the sole reason "that employee is barred from the right to receive compensation for the strangulation of said pre-existing hernia by reason of the provisions of Section 287.195(4), RSMo.1959."

On this appeal the single question presented is the effect of Section 287.195(4), RSMo 1959, on a claim for compensation for temporary total disability and medical expenses for aggravation by accident or unusual strain of a pre-existing hernia.[1]

---

1. All citations of Missouri statutes are to V.A.M.S.

It is the position of respondent that prior to 1957 claimant would have been entitled to an award for temporary total disability and reimbursement for medical expenses but that in 1957 the Missouri Legislature amended the Missouri Workmen's Compensation Law and removed the hernia provision from Section 287.190, (the permanent partial disability section) and re-enacted it in a separate and distinct Section 287.195; that the purpose and effect of the amendment was to repeal a line of cases beginning with Von Cloedt v. Yellow Taxicab Company, 223 Mo.App. 376, 18 S.W.2d 84, and that since 1957 no claim which involves disability and medical expenses resulting from a hernia, whether the disability be permanent or partial, is compensable unless the claimant satisfies all the requirements of now Section 287.195.

Appellant's position is that at the same time the legislature took the four hernia requisites out of the permanent partial section, it enacted Section 287.170 (temporary total disability) and Section 287.140 (medical care) and made no mention of hernia therein; that if Section 287.195 is interpreted to apply as respondent contends there will be no possible recovery for the aggravation of a pre-existing hernia and, hence, no such interpretation is warranted.

On this appeal it is our duty to ascertain the legislative intent involved in the mentioned statutory sections. The primary rule of construction of a statute is to ascertain the lawmaker's intent from the words used, if possible, and to put upon the language of the legislature, honestly and faithfully, its plain and rational meaning and to promote its object. The manifest purpose of the statute, considered historically, is to be given proper consideration. Browder v. Milla, Mo.App., 296 S.W.2d 502.

In ascertaining the legislative intent as expressed in a statute courts are aided by certain well established rules. One such rule is that in the construction of statutes it is presumed that the legislature is aware of the interpretation of existing statutes placed thereon by the states' appellate courts, and that in amending a statute or enacting a new one on the same subject it is ordinarily the intent of the legislature to effect some change in the existing law. If this were not so the legislature in amending a statute would be accomplishing nothing, and legislatures are not presumed to have intended a needless and useless act. See, State ex rel. M. J. Gorzik Corp. v. Mosman, Mo.Sup., 315 S.W.2d 209.

Prior to 1957, Section 287.190 relating to awards of compensation for permanent partial disability and titled: "Permanent partial disability—compensation for various injuries—how computed" in its last *subsection* provided:

"4. In all claims for compensation for hernia resulting from injury arising out of and in the course of the employment, it must be definitely proved to the satisfaction of the commission:

"(1) That there was an accident resulting in hernia;

"(2) That the hernia appeared suddenly, accompanied by intense pain;

"(3) That the hernia immediately followed the accident;

"(4) *That the hernia did not exist in any degree prior to the accident resulting in the injury for which compensation is claimed.*" (Italics ours.)

Subsection 4 of Section 287.190 as set out above, prior to 1957 in a long line of cases was interpreted as referring only to the section in which that subsection was located, and, hence, not as applying to or limiting other sections which provided for recovery for injury other than permanent partial disability.[1]

---

1. Von Cloedt v. Yellow Taxicab Co., 223 Mo.App. 376, 185 S.W.2d 84; Drecksmith v. Universal Carloading & Distributing Co., Mo.App., 18 S.W.2d 86; Guillod v. Kansas City Power & Light Co., 224 Mo.App. 382, 18 S.W.2d 97; Lawrence v. Stark Bros. Nurseries & Orchards Co., Mo.App., 18 S.W.2d 89.

In the Van Cloedt case, supra, among others, the court specifically referred to the statutes of numerous other states noting that when a legislature desired to place such limitations as were contained in Section 287.190 on all types of hernia compensation recovery the legislature did so either by having a separate section dealing solely with the subject of hernia or by a subsection under general headings, and not merely by a subsection that appeared to apply only to the limited section in which it was found.·

In 1957 our legislature did exactly what the Von Cloedt case stated a legislature should do if it desires the type of limitations then found in subsection (4) of Section 287.190 to apply to all Workmen's Compensation claims for hernia injury, whether permanent, temporary, partial or total; namely, by making an entirely separate section of subsection 4 of Section 287.190.

The new section, 287.195 RSMo 1959, (Laws 1957, p. 560, #1) reads:

"287.195. Claims for hernia, proof required

"In all claims for compensation for hernia resulting from injury arising out of and in the course of the employment, it must be definitely proved to the satisfaction of the commission:

"(1) That there was an accident or unusual strain resulting in hernia.

"(2) That the hernia appeared suddenly, accompanied by intense pain.

"(3) That the hernia immediately followed the accident or unusual strain.

"(4) That the hernia did not exist prior to the accident or unusual strain resulting in the injury for which compensation is claimed."

The language of this new separate section according to the plain meaning of its terms specifically applies to "all claims for compensation for hernia". It cannot rationally be said such language is not intended to include claims for compensation for aggravation of a prior hernia.

If the result we have reached appears socially undesirable those thinking so should address their views to the legislature, for we are convinced our decision is what the legislature truly intended in enacting Section 287.195, and that any change in that enactment properly belongs to the legislature in its wisdom.

We note in passing that many other states by statute have made provisions somewhat similar to those in Section 287.195 applicable to Workmen's Compensation claims for hernia. In 99 C.J.S. Workmen's Compensation § 186, page 642, it is stated, "Some special hernia or rupture provisions apply even where a preëxisting hernia has become strangulated, and even though the strangulation was due to accident or accidental injury, and such provisions apply to exclude the award of compensation." Citing Mirific Products Co. v. Industrial Commission, 356 Ill. 645, 191 N.E. 203; Cuneo Press Co. v. Industrial Commission, 341 Ill. 569, 173 N.E. 470; Jordon v. State Compensation Commissioner, 120 W.Va. 142, 197 S.E. 20.

In 1 Larson, Workmen's Compensation, Section 39.70, page 580 ff., it is stated, "Twenty-five states have separate statutory tests governing the basic compensability of hernias. The commonest is exemplified by that of Virginia:

"In all claims for compensation for hernia * * * it must be definitely proved to the satisfaction of the Industrial Commission:

"First. That there was an injury resulting in hernia.

"Second. That the hernia appeared suddenly.

"Third. That it was accompanied by pain.·

"Fourth. That the hernia immediately followed an accident.

"Fifth. That the hernia did not exist prior to the accident for which compensation is claimed."

■ For the foregoing reasons we have concluded that the circuit court did not err in affirming the final award of the Industrial Commission denying compensation.

The judgment is affirmed.

All concur.