Honorable Thomas M. Keyes State Auditor State Capitol Building Jefferson City, Missouri 65101
Dear Mr. Keyes:
This opinion is in answer to your following question:
 "Is the formula currently employed by the Division of Finance for allocating annual assessments of bank examination fees in compliance with the provisions of Section 361.170 of the current revised statutes of the State of Missouri, and if not, what is the correct formula for allocating annual assessments?"
We understand that your request grows out of a concern which you have for the method of the Missouri Division of Finance in allocating certain fees under Section 361.170, RSMo 1969. This section reads as follows:
 "1. The expense of every regular and every special examination, together with the expense of administering the banking laws, including salaries, travel expenses, supplies and equipment, shall be paid by the banks and trust companies of the state, and for this purpose the commissioner shall, prior to the beginning of each fiscal year, make an estimate of the expenses to be incurred by the division during such fiscal year. To this, there shall be added an amount equal to fifteen percent of the estimated expenses to pay the costs of rent and other supporting services furnished by the state. From this total amount the commissioner shall deduct the estimated amount of the anticipated annual income to the fund from all sources other than bank or trust company assessments. The commissioner shall allocate and assess the remainder to the several banks and trust companies in the state on the basis of their total assets, as reflected in the last preceding report called for by the commissioner under the provisions of section 361.130. A statement of such assessment shall be sent by the commissioner to each bank and trust company on or before July first. One-half of the amount so assessed to each bank or trust company shall be paid by it to the state collector of revenue on or before July fifteenth, and the remainder shall be paid on or before January fifteenth of the next year.
 "2. Any expenses incurred or services performed on account of any bank, trust company or other corporation subject to the provisions of this chapter, outside of the normal expense of any annual or special examination, shall be charged to and paid by the corporation for whom they were incurred or performed." (Emphasis added)
Over the past five years or longer, the Commissioner of Finance used a formula for allocating the expense of every regular and special examination and expense of administering the state banking laws which consists of a declining, graduated scale based on the total assets of each bank. The Commissioner contends that this method is based on his discretionary powers to allocate and assess all state chartered banks under Section 361.170.
It is noted that prior to 1967 this section contained different language. Section 361.170, RSMo Supp. 1965, read as follows:
 "1. The expense of every annual or special examination shall be paid by the bank, trust company or such other corporation examined in such amount as the commissioner certifies to be just and reasonable, and for the purposes of this section such institutions are hereby denominated banks.
 "2. The expense shall be paid in proportion to the total assets of the bank and shall not exceed the amounts herein provided:
 (1) Banks having total assets not exceeding seven hundred fifty thousand dollars, one hundred dollars plus twenty cents for each one thousand dollars or fractional part thereof of assets in excess of one hundred thousand dollars;
 (2) Banks having total assets of seven hundred fifty thousand dollars or more and less than five million dollars, one hundred fifty dollars plus eighteen cents for each one thousand dollars or fractional part thereof in excess of one hundred thousand dollars;
 (3) Banks having total assets of five million dollars or more and less than ten million dollars, six hundred dollars plus five cents for each thousand dollars or fractional part thereof of assets in excess of one hundred thousand dollars;
 (4) Banks having total assets of ten million dollars or more, one thousand dollars plus five cents for each one thousand dollars or fractional part thereof in excess of one hundred thousand dollars.
 "3. The aggregate sum collected from the banks, trust companies and other corporations shall be reckoned upon a basis sufficient to cover the entire expenses of the division, including salaries of officers and employees, traveling expenses of the commissioner, his deputy and examiners, and the preparation of the reports and all other expenses made necessary by this chapter.
 "4. Any special expenses incurred and services performed on account of any such corporation, or on account of any foreign corporation or its agency to which this chapter is applicable outside of the expense of any annual or special examination shall be charged to and paid by the corporation for whom they were incurred or performed."
This section was repealed and reenacted in the form as it appears in the first part of this opinion. The historical note under Section 361.170, V.A.M.S., states:
 "The 1967 amendment substantially revised the law, dropping the specific charges to banks and making the banks responsible for the costs of examination and of `the expense of administering the banking laws' under a formula based on the anticipated needs of the division plus 15%, minus estimated annual income other than from banks. The remainder is assessed to the banks on the basis of their total assets, reflected in the past report of the bank, payable in semi-annual installments. Subsection 2 is substantially the same as Subsection 4 of the amended law, except the specific reference to foreign corporations which was dropped." (Emphasis added)
In construing statutes, the primary purpose is to ascertain legislative intent from the plain and ordinary meaning of the words used and objectives to be obtained. When the language is unambiguous, statutes are construed as written. The historical purpose of statutes should be considered.
By amending a statute, the legislature will be presumed not to have intended a needless and useless act. Wright v. J. A.Tobin Construction Company, 365 S.W.2d 742 (K.C.Mo.App. 1963).
Under the present law, the Commissioner makes an estimate of the expenses to be incurred by the division during a fiscal year including the expense of every regular and special examination, the expense of administering the banking laws, salaries, travel expenses, supplies, and equipment of the Division of Finance in connection with the administering of said laws. Thereafter, his discretion ends.
Upon making an estimate, there is added to the estimated amount an additional amount equal to fifteen percent of the estimated expenses to pay the costs of rent and other supporting services furnished by the state. From this total amount, the Commissioner must deduct the estimated amount of the anticipated annual income to the fund from all sources other than bank or trust company assessments. Then, the Commissioner must allocate and assess the remainder to the several banks and trust companies in the state on the basis of their total assets as reflected in the last preceding report which is to be filed as required by Section 361.130, RSMo 1969.
In light of the 1967 amendment, it is our view that the language
 ". . . The commissioner shall allocate and assess the remainder to the several banks and trust companies in the state on the basis of their total assets, . . ."
requires a simple, proportional distribution among state chartered banks and trust companies according to the percentage and relationship of their individual total assets to the collective total assets of all such banks and trust companies within the state. The language in the statute is mandatory. There appears to be no discretion in the Commissioner on the method of allocation. We note that the word "shall" is normally an indication that the statute is mandatory. State ex rel. McTague v. McClellan, 532 S.W.2d 870
(Mo.Ct.App. at St.L. 1976).
It has been urged that the construction suggested by the State Auditor causes large state chartered banks to pay more fees under Section 361.170 and small state chartered banks to pay less. While rules of statutory construction indicate that the result of a particular construction should be considered, we are mindful that the plain language of the statute cannot be ignored. The intent of the legislature appears to be that every bank subject to the law is required to pay the expenses of examination on an equitable basis which can only be done by considering the assets of each of the banks at a certain point of time. Our view of the statute is consistent with such intent. We believe that our view of Section 361.170 makes all banks responsible for the costs of examination and expense of administering the banking laws, thus giving effect to the 1967 amendment which substantially revised the law.
CONCLUSION
It is the opinion of this office that the proper method of allocation of costs of bank examinations is for the Commissioner of Finance to estimate expenses pursuant to Section 361.170, RSMo 1969, and add an amount equal to fifteen percent of the estimated expenses to pay the costs of rent and other supporting services furnished by the state; and from that total amount, the Commissioner shall deduct the estimated amount of the anticipated annual income to the fund from all sources other than bank or trust company assessments. Then the Commissioner of Finance shall allocate and assess the remainder to the several banks and trust companies in the state on the basis of their total assets as reflected in the last preceding report called for by the Commissioner under Section361.130, RSMo 1969.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Terry C. Allen.
Yours very truly,
 JOHN ASHCROFT Attorney General