**J. M. MORRIS CONSTRUCTION CO., Appellant,**

v.

**MID–WEST PRECOTE CO., American Paving & Construction Co., Tri-City Construction Co., Bowen Construction Company, and Suburban Asphalt, Inc., Respondents.**

No. WD 31232.

Missouri Court of Appeals, Western District.

March 2, 1981.

Meise, Cope & Coen, Clyde G. Meise, H. William McIntosh, Kansas City, for appellant J. M. Morris Const. Co.

Linde, Thomson, Fairchild, Langworthy & Kohn, Harold L. Fridkin, Arthur B. Federman, Kansas City, for respondents Midwest Precote Co., American Paving and Const. Co., and Tri-City Const. Co.

Polsinelli, White & Schulte, David A. Welte, Kansas City, for respondent Bowen Const. Co.

Abraham E. Margolin, F. Philip Kirwan, Terry L. Tyrrell, Kansas City, for defendant-respondent, Suburban Asphalt, Inc.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

NUGENT, Judge.

This is an appeal on behalf of plaintiff, J. M. Morris Construction Co., a defunct Missouri corporation. Plaintiff's petition for treble damages under the Missouri antitrust statutes (Chapter 416, RSMo 1978) was dismissed by the Circuit Court for failure to state a cause of action. We affirm the dismissal.

Suit was filed in the name of the former corporation on February 13, 1979. The petition alleged that plaintiff was a corporation organized and authorized to do business in the State of Missouri. The record shows, however, and the parties agree that the charter of J. M. Morris Construction Co., which had been incorporated in 1976, had been forfeited on January 1, 1979, for failure to file its annual registration report and corporate franchise taxes for 1978. As of September 5, 1979, the day the court dismissed the petition, the forfeiture had not been rescinded. Defendants' motions to dismiss were grounded upon assertions that the petition failed to state a cause of action and that, by reason of the forfeiture of its corporate charter, the plaintiff lacked the legal capacity to bring suit.

■ On this appeal, the court may sustain the action of the trial court upon any ground which supports defendants' motions, whether or not the trial court relied upon that ground. If the court correctly dismissed the petition, the ground upon which the dismissal was based is immaterial. *Spiking School District v. Purported "Enlarged School District R–11"*, 362 Mo. 848, 859, 245 S.W.2d 13, 16–17 (banc 1952).

■ Clearly, J. M. Morris Construction Co. ceased to be a corporation and a legal being with capacity to sue as of January 1, 1979, the date of the forfeiture of its charter. *Clark Estate Co. v. Gentry*, 362 Mo. 80, 86, 240 S.W.2d 124, 127, *cert. denied*, 342 U.S. 868, 72 S.Ct. 109, 96 L.Ed. 653 (1951). Thereafter, until the forfeiture was rescinded pursuant to § 351.540 RSMo 1978, any suit brought on its behalf could have been commenced only by and in the name of the defunct corporation's statutory trustees, that is, its directors and officers as of the time of the forfeiture. § 351.525 RSMo 1978, *as amended*, Laws 1979, p. 346, § 1, eff. Jan. 1, 1980, § 351.525 V.A.M.S. (1980); *Clark Estate Co. v. Gentry, supra; Bruun v. Katz Drug Co.*, 351 Mo. 731, 738, 173 S.W.2d 906, 910 (1943). Here that was not done. That fact alone justified dismissal of the petition.

■ Realizing the difficulty of his present position, counsel for plaintiff urges that this court, nevertheless, declare that the circuit court had no authority to dismiss the petition. Relying upon language found

in *Bruun v. Katz Drug Co., supra* 173 S.W.2d at 909, he argues that, a dissolved corporation being utterly extinct "as an entity or body ... upon which liabilities may be imposed", a judgment cannot be rendered against it. He does not explain, however, how an utterly extinct entity can commence a valid action. Here the suit itself was a nullity. The dismissal of the petition may be considered the court's recognition of that fact.

Accordingly, the judgment of the trial court is affirmed.

All concur.