A. R. D. C., INC., Appellant-Plaintiff,

v.

STATE FARM FIRE & CASUALTY CO., et al., Respondents-Defendants.

No. WD 31670.

Missouri Court of Appeals, Western District.

June 30, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 4, 1981.

Application to Transfer Denied Sept. 8, 1981.

Dean A. Hodapp, Blumer & Nally, Kansas City, for appellant-plaintiff.

Glenn McCann, James Welsh, Knipmeyer, McCann, Fish & Smith, Kansas City, for respondents-defendants.

Before WASSERSTROM, C. J., and PRITCHARD, DIXON, TURNAGE, CLARK, MANFORD and NUGENT, JJ.

TURNAGE, Judge.

A.R.D.C., Inc. and two of its stockholders filed suit in eight counts against State

Farm Fire & Casualty Company and two of its employees. Four of the counts were brought by A.R.D.C. and the remaining four by the individuals. The court sustained a motion to dismiss the counts brought by A.R.D.C. because suit had been filed after its charter had been forfeited for failure to file the annual registration and to pay the required fee. This appeal followed. Reversed and remanded.

A.R.D.C.'s petition was filed in June, 1978, and the petition alleged that State Farm had entered into an oral contract of insurance to protect A.R.D.C. from loss by burglary. The petition alleged the contract of insurance was entered into prior to April 1, 1974, and that on April 1, 1974, A.R.D.C. suffered loss by burglary. One count filed by A.R.D.C. was for the breach of the contract of insurance for the failure of State Farm to pay the burglary loss and the other counts were for fraud, intentional interference with a protected property interest and bad faith.

State Farm filed an answer to the petition and a separate motion to dismiss for failure to state a cause of action. In January, 1979, a first amended petition was filed. In March State Farm filed an answer and another motion to dismiss for failure to state a cause of action. In August State Farm, for the first time, filed a motion to dismiss on the ground that A.R.D.C. did not have the capacity to sue and was not the real party in interest. Suggestions filed in support of such motion indicated the ground to be that the charter of A.R.D.C. had been forfeited for failure to file the annual registration report and pay the annual registration fee for the year 1974. The forfeiture of the charter of A.R.D.C. was on January 1, 1975.

Thereafter A.R.D.C. requested additional time to respond to the motion and later filed documents from the secretary of state indicating the forfeiture had been rescinded in November, 1979. The court overruled State Farm's motion to dismiss because A.R.D.C.'s charter had been forfeited but reconsidered such action and then entered an order dismissing all counts brought by A.R.D.C.

A.R.D.C. contends that under § 351.540.2, RSMo 1978[1] the rescission of the forfeiture related back to the date of the forfeiture and gave validity to the lawsuit even though it was filed at a time when the charter stood forfeited. State Farm contends that under *Clark Estate Co. v. Gentry*, 362 Mo. 80, 240 S.W.2d 124 (1951) the rescission of the forfeiture did not have any retroactive effect and the suit was actually filed by a non-entity because A.R.D.C. had lost its corporate standing with the forfeiture of its charter. State Farm contends the real parties in interest to bring any action on the part of A.R.D.C. after the forfeiture were the directors and officers in office at the time of the forfeiture who became the trustees of A.R.D.C. under § 351.525(4).

In *Clark* the court held that a corporation was not entitled to file suit in its own name after its charter had been forfeited and that a rescission of the forfeiture did not have any retroactive effect but was prospective only. The court concluded that the effect of the rescission was only to give the corporation power to act thereafter, but this would not relate back to give validity to any act which occurred after forfeiture and prior to rescission. The court also, at page 130, relied on *Cleveland v. Gore Bros.*, 14 Cal.App.2d 681, 58 P.2d 931, 932 (1936) for holding that the filing of a suit by a corporation after forfeiture and prior to rescission does not toll the statute of limitations because the subsequent rescission does not have retroactive effect and could not breathe life into the suit. A.R.D.C. contends that the amendment of § 351.540 by the adoption of § 351.540.2 in 1975 abrogates the holding in *Clark*. Section 351.-540.2 provides as follows:

"Upon the issuance of a certificate rescinding the forfeiture of the corporate rights of a corporation, the restoration of corporate rights and privileges shall have effect from the date of the forfeiture,

1. All statutory references are to RSMo 1978 unless otherwise noted.

and all acts of the corporation, in the period between the date of forfeiture and the date of the rescission * of the forfeiture shall be thereby confirmed and held as the acts of the original corporation; except that, any judgment obtained against any person in his capacity as a trustee under section 351.525 shall not be vacated by reason of any rescission * under this section, but shall continue in full force and effect notwithstanding the rescission *. No corporation shall prosecute any action enumerated in section 351.535 [2] following a rescission * under this section if the action was filed after the forfeiture of the corporation's corporate rights but prior to the rescission * of that forfeiture.

---

"* Original rolls use word 'recision'."

■ On this appeal the parties collide on the issue of the effect to be given to the above amendment. No question is raised concerning the validity of the amendment nor the power of the legislature to adopt such amendment. State Farm basically contends that the amendment does not change the decision in *Clark* and A.R.D.C. contends the amendment nullifies the holding in *Clark*.

The effect of an amendment to a statute in the light of decisions construing that statute was stated in *Wright v. J. A. Tobin Construction Company*, 365 S.W.2d 742, 744[3, 4] (Mo.App.1963) as follows:

"[I]t is presumed that the legislature is aware of the interpretation of existing statutes placed thereon by the state's appellate courts, and that in amending a statute or enacting a new one on the same subject it is ordinarily the intent of the legislature to effect some change in the existing law. If this were not so the legislature in amending a statute would be accomplishing nothing, and legislatures are not presumed to have intended a needless and useless act."

Applying the rule in *Wright* to this case requires this court to conclude that in adopting the amendment the legislature intended to make a change in the existing law. The amendment did not change any of the existing statutes which declared that upon the failure to file the annual registration and pay the annual fee that a corporation's charter be forfeited and the directors and officers in office at the time would become trustees and would have the right to file suits on behalf of the corporation. Nor did the amendment change § 351.530 which makes it a misdemeanor for any person or persons to exercise any of the powers, privileges or franchises of any corporation after the charter has been forfeited. By leaving those sections intact, the amendment did not affect the ruling in *Clark* that after the charter of a corporation has been forfeited the dissolved corporation is no longer the real party in interest and the filing of such suit is illegal. *Clark* was cited by this court recently in *J. M. Morris Const. v. Mid-West Precote Co.*, 613 S.W.2d 180 (Mo.App.1981) in holding that after the charter of the corporation was forfeited it ceased to be a corporation or to have legal capacity to sue.

*Clark* further held that the rescission of a forfeiture of a corporate charter would not have any retroactive effect because the general rule concerning the effect of statutes is prospective only unless the legislature expressed a clear intent that the statute be given retroactive effect.

This court finds no conflict between the amendment and the statutes previously enacted relating to the statutory trustees being the only persons authorized to file suits and the criminal penalty of misdemeanor imposed upon persons who exercise corporate powers after the charter has been forfeited. This court holds that as to corporations whose charter has been forfeited and prior to a rescission of that forfeiture, the law announced in *Clark* and *Morris* remains unchanged. However, after a rescission of that forfeiture the legislature has now declared in express terms that the restoration of corporate rights and privileges has retro-

---

**2.** It should be noted that this action does not come within § 351.535 because the contract in this case was alleged to have been entered into at a time when A.R.D.C. was in good standing.

active effect and is effective from the date of forfeiture. The legislature has further declared that all acts of the corporation taken in the period between the forfeiture and the rescission are confirmed and are held to be the acts of the original corporation. No argument is advanced that the legislature may not forgive the violation of a statute by validating an act which was improper at the time. While the filing of the suit in the name of the corporation after the forfeiture was denounced, the legislature nevertheless provided that if the forfeiture were rescinded, the suit was the act of the corporation the same as if the forfeiture had not occurred.

The effect of the amendment for all practical purposes is to treat the forfeiture as if it had never occurred. In plain language the amendment provides for the restoration of all corporate rights and privileges to become effective from the very date of forfeiture and all acts taken between forfeiture and rescission are confirmed and held to be valid. Thus, even though it is unlawful for persons to exercise corporate powers after a charter has been forfeited, once that forfeiture has been rescinded the legislature has forgiven the illegal use of corporate powers.[3]

One of the concerns of the court in *Clark* was the status of a judgment which might be obtained against the statutory trustees of a corporation after a forfeiture if retroactive effect were given to the rescission of the forfeiture. The legislature addressed that problem in the amendment and held that even though full retroactive effect was being given to the rescission and all acts of the corporation were confirmed, any judgment obtained against the statutory trustees would remain unaffected.

The retroactive effect of the amendment and the holding of this court comports with the general rule stated in 13 A.L.R.2d 1220 — Annotation — Charter — Reinstatement — Interim Acts (1950):

"That the reinstatement or revival of the corporate powers of a corporation validates its acts during such interim would seem to follow sometimes from the plain language of the applicable statute, as where it provides that, upon the issuance of a certificate reviving a corporation whose charter has expired, 'the acts and doings of such corporation, in the period between the date of expiration and the date the reviver, shall be thereby confirmed and held as acts and doings of the original corporation so revived,' . . . ."

See Fletcher Cyclopedia, Corporations, Rev. Vol. 16A, § 7998, p. 74 (1979).

■ State Farm further contends that A.R.D.C.'s cause of action was barred by limitations under § 516.120 because the five-year period expired after the suit was filed but before rescission of the forfeiture. Without deciding the applicability of § 516.-120, the answer to this contention rests on the same reasoning as set out above. The filing of a petition and the issuance of summons tolls the running of the statute of limitations. *Emanuel v. Richards*, 426 S.W.2d 716, 718[1, 2] (Mo.App.1968).

Although the suit here in question was filed and summons issued while the charter of the corporation was in forfeiture, once the rescission was issued, all acts of the corporation were confirmed and held to be the acts of the corporation. Since the suit was not dismissed prior to rescission, under the terms of the amendment the filing of the suit became valid on the issuance of the rescission. Thus the suit was validly filed at a time prior to the expiration of the period of limitations. For that reason the filing of the suit tolled the running of limitations.

In *Clark* it was held that the filing of a suit after forfeiture and before rescission would not toll the running of limitations because at that time there was no retroactive effect to the rescission. Under the amendment the legislature has given full retroactive effect to the rescission.

---

3. Not decided by this appeal is the question of whether or not persons could be prosecuted for a misdemeanor for exercising corporate powers by causing a lawsuit to be filed in the name of the corporation if the forfeiture were rescinded.

The judgment dismissing the counts filed by A.R.D.C. is reversed and this cause is remanded for further proceedings.

WASSERSTROM, C. J., and PRITCHARD and MANFORD, JJ., concur.

CLARK, J., concurs in separate concurring opinion.

DIXON and NUGENT, JJ., concur in concurring opinion.

CLARK, Judge, concurring.

I concur in the disposition of this case reached in the majority opinion and in the rationale which bases that decision on the manifest intent of the General Assembly to work a change in the law formerly controlled by *Clark Estate Co. v. Gentry*, 362 Mo. 80, 240 S.W.2d 124 (1951). I deem it appropriate, however, to point out the qualifications and limitations which this result imposes upon certain long recognized and recently reiterated principles of the law of corporations. What must result, if possible, is a harmonizing of statutes dealing with the same subject matter. *City of Willow Springs v. Mo. State Librarian*, 596 S.W.2d 441, 446 (Mo.banc 1980).

Retroactive validation of de facto lawsuits, such as that commenced in June 1978 by the then defunct A.R.D.C., Inc., runs afoul of several fundamental propositions. Under § 351.525(4), RSMo 1978,[1] the power of a corporation in forfeiture to sue and be sued is exclusively vested in the directors and officers as statutory trustees, a condition which assumes no alternate authority in the corporation itself. Second, it has recently been held in *J. M. Morris Construction Co. v. Mid-West Precote Co.*, 613 S.W.2d 180 (Mo.App.1981), that a suit brought in the corporate name after forfeiture is a nullity. Finally, the doctrine of relation back to overcome a statute of limitations is only operative when the original plaintiff had a legal right and status to sue at the time the suit was commenced.

*Briggs v. Cohen*, 603 S.W.2d 20 (Mo.App. 1980).

By the unmistakable language of § 351.540.2, all acts done in the corporate name during the term of corporate charter forfeiture are not absolutely invalid, only conditionally so.[2] Thus, the statute has imposed a condition of uncertainty upon the affairs of the defunct corporation and those who deal with the corporation must act in recognition that legitimacy depends on future events, not on current status. Unless precluded by some intervening event, the corporate principals are indefinitely entitled to obtain relief by rescission of the forfeiture thereby expunging the taint which otherwise lay upon corporate acts during forfeiture.

Precautionary language alerting to this transitory condition was inserted in § 351.525, RSMo 1978, in the same amendment which provided the retroactive effect of forfeiture rescission. In § 351.525(4), RSMo 1978, the termination of corporate powers, privileges and franchises and the dissolution of corporate existence upon forfeiture are expressly made " * * * subject to rescission as provided in this chapter * * *." Whatever may be the wisdom of legislation creating this uncertain state of corporate affairs, potentially without limit in duration, the intent of the statutes is manifest. Those who deal with a corporation in suspension, with or without knowledge of its registration status, are instructed by the statute that acts which are ultra vires may, at the option of the corporation, be retroactively validated by rescission of forfeiture.

As the majority observes, State Farm made no contention that the legislature was without power to create a retroactively operative rescission of forfeiture, arguing only that the language of the statute should not be so construed. The fact is, however, that the statutes bear no other interpretation.

1. All statutory citations are to RSMo 1978.

2. A single exception, not material here, concerns contracts made by the corporation during forfeiture. Such contracts may not be enforced by suit filed during forfeiture, but may be enforced in an action commenced after forfeiture has been rescinded.

Some conditions must therefore be engrafted on the fundamental propositions earlier stated. Jurisdiction and authority of officers and directors as statutory trustees for a defunct corporation to act, to sue and to be sued, as conferred by § 351.525(4), may or may not be operative depending on whether the forfeiture is later rescinded. A possibility remains for parallel actions, the assumption being that all rights and obligations in the statutory trustees terminate on rescission of forfeiture.

An action pursued to a conclusion in the name of the defunct corporation, as in *J. M. Morris Construction Co. v. Mid-West Precote Co., supra,* and prior to rescission of forfeiture, is a nullity. If, however, rescission is accomplished before the cause is terminated, the action is fully restored to vitality as though no impediment had existed. A pending cause by a defunct corporation is therefore of uncertain status dependent on whether rescission is effected before judgment.

Finally, as to the question of the statutes of limitation, it must be concluded that no certain bar of the statute forecloses the claim of a defunct corporation so long as some action has been commenced within the statutory period. In this, as in other situations, the effect of § 351.540.2 is to place within the control of the corporation's principals the means to restore the corporate entity to its original standing or abandon the venture as may best serve their individual advantage. The General Assembly alone is the forum where the propriety of this condition can be addressed.

DIXON and NUGENT, JJ., concur.