[No. B008347. Second Dist., Div. Two. May 31, 1985.]

CM RECORD CORPORATION, Plaintiff and Appellant, v.
MCA RECORDS, INC., Defendant and Respondent.

## Counsel

Rosner, Owens & Nunziato and Tom A. Nunziato for Plaintiff and Appellant.

Rosenfeld, Meyer & Susman and Robert M. Dudnik for Defendant and Respondent.

## Opinion

**ROTH, P. J.**—CM Records appeals from an adverse judgment after the trial court granted respondent MCA Record's motion for summary judgment. We affirm.

The following facts are not in dispute. Respondent's state of incorporation and principal place of business is California. Appellant is incorporated under the laws of Missouri. On April 3, 1979, the parties entered into a contract in which respondent agreed to manufacture and distribute appellant's recordings. The relationship was not harmonious, however, and on February 13, 1980, appellant filed its action against respondent for breach of contract and other theories of liability. Respondent answered by denial and affirmative defenses, and cross-complained on breach of contract and other theories on April 29, 1980.

The above procedure is framed by two significant events. On January 1, 1979, appellant's corporate charter was forfeited in Missouri for failure to observe that state's registration requirements. The Missouri secretary of state rescinded appellant's forfeiture on July 11, 1980. The significance of this forfeiture and recission is the basic issue of this appeal.

Respondent's affirmative defenses against all of appellant's causes of action are based on the fact that appellant's charter was suspended in Missouri when it signed the contract and when it filed this action. Recognizing the importance of the affirmative defense, appellant moved for summary adjudication of issues to strike the affirmative defense; respondent in turn moved for summary judgment. The trial court heard the cross-motions on March 29, 1982, and denied them. Both sides renewed their motions in 1984. On April 3, 1984, the trial court granted respondent's motion for summary judgment and entered judgment on August 13, 1984. This appeal followed.

■ The issue is whether appellant has the capacity to maintain its action for breach of contract against respondent.

A clash between corporations from different states may sometimes generate a troublesome conflict of laws problem. Happily, the parties averted this danger by including at page 52 of their contract a sentence: "This agreement shall be governed by and construed under the laws and judicial decisions of the State of California." ■ Choice of law clauses are valid and enforceable in California. (*Smith, Valentino & Smith, Inc.* v. *Superior Court* (1976) 17 Cal.3d 491, 494 [131 Cal.Rptr. 374, 551 P.2d 1206].) We therefore apply California law. This does not mean, however, that Missouri law is irrelevant. This is because California law may itself refer to foreign law in resolving certain interstate questions.

■ The parties agree that California law recognizes that the continuing legal existence of a corporation depends on the law of the state of incorporation. (6 Witkin, Summary of Cal. Law (8th ed. 1974) § 193, pp. 4468-4469.) Appellant is a Missouri corporation. ■ We turn to the Missouri statutes and we find that "[e]very corporation organized under the laws of this state . . . shall file an annual registration . . . in the office of the secretary of state." (Mo. Rev. Stat. § 351.120.) We discover too that if a corporation fails to comply with the registration requirement, "the corporate rights and privileges of the corporation shall be forfeited and the secretary of state shall thereupon cancel the certificate, or license, of the corporation by appropriate entry on the margin of the record thereof, whereupon all the powers, privileges and franchises conferred upon the corporation by the certificate, or license, shall, subject to rescission as provided in this chapter, cease and determine." (Mo. Rev. Stat. § 351.525.) "The secretary of state may rescind the forfeiture of the corporate rights of any corporation . . . upon presentation of an affidavit signed by any of the directors or officers in office when the forfeiture occurred. . . . The affidavit shall recite that the trustees have caused the correction of the condition or conditions giving rise to the forfeiture." (Mo. Rev. Stat. § 351.540.) The crucial portion of the statute is the following: "2. Upon the issuance of a

certificate rescinding the forfeiture of the corporate rights of a corporation, the restoration of corporate rights and privileges shall have effect from the date of the forfeiture, and all acts of the corporation in the period between the date of forfeiture and the date of the rescission of the forfeiture shall be thereby confirmed and held as the acts of the original corporation; . . . No corporation shall prosecute any action enumerated in section 351.535 following a rescission under this section if the action was filed after the forfeiture of the corporation's corporate rights but prior to the rescission of that forfeiture." (Mo. Rev. Stat. § 351.540, subd. 2.)

Section 351.535, referred to above, states: "No corporation shall maintain an action in any court of this state for the collection of bills or accounts payable or for the enforcement of a contract, made while such corporation is in suspension, or after the forfeiture of its certificate, or certificate of authority under the provisions of this chapter, unless it shall have first been reinstated, or the forfeiture entered against it rescinded as in this chapter provided."

To summarize: Every Missouri corporation is subject to annual registration. Failure to register results in forfeiture. A corporation ceases to be a corporation, losing its capacity to sue when it forfeits its charter. (*J. M. Morris Const.* v. *Mid-West Precote Co.* (Mo.App. 1981) 613 S.W.2d 180, 181.) However, once the corporation corrects the omission, the secretary of state may rescind the forfeiture. This rescission validates the corporation's actions taken during its forfeiture period. Crucial to the case at bar is the exception to this rule, that during the forfeiture period the corporation cannot file an action enumerated in section 351.535. The pertinent portion of section 351.535 is: "No corporation shall maintain an action . . . for the enforcement of a contract, made . . . after the forfeiture of its certificate . . . unless . . . the forfeiture entered against it [has been] rescinded as in this chapter provided." Thus, timing is an important element of the Missouri statutory scheme. If a corporation makes a contract while its certificate is forfeited it must wait until after that forfeiture is rescinded before going to court to enforce the contract.

At bench, appellant forfeited its corporate charter on January 1, 1979. The Missouri secretary of state rescinded the forfeiture a year and a half later, on July 11, 1980. In the interval between forfeiture and rescission the parties signed their contract, on April 3, 1979, and appellant filed this action on February 13, 1980, five months before its corporate status was revived. This sequence of events show appellant's conduct falls into the small category of actions, controlled by the last sentence of section 351.540, subdivision 2, which are not retroactively ratified by rescission. Appellant lacked

the capacity to sue, because of lack of corporate status, in Missouri. It likewise lacked the capacity to sue in California.

Appellant, to avoid this conclusion, relies on two Missouri cases, *Hathman* v. *Waters* (Mo. App. 1979) 586 S.W.2d 376, and *A. R. D. C., Inc.* v. *State Farm Fire & Cas. Co.* (Mo. App. 1981) 619 S.W.2d 843. Neither is helpful. In *Hathman* the corporation contracted while in forfeiture. Plaintiff later sued to set aside the contract. The decision merely holds that the contract was "valid" after the forfeiture was rescinded. (*Hathman* v. *Waters, supra,* 586 S.W.2d at p. 385.) This follows directly from the language of section 351.540, subdivision 2, "all acts of the corporation, in the period between the date of forfeiture and the date of the rescission of the forfeiture shall be thereby confirmed." It does not address our question, whether an action to enforce the contract may be commenced during the forfeiture period. *A. R. D. C., Inc.* holds that an action filed during forfeiture could proceed after rescission even though the statute of limitations had lapsed during the forfeiture period and is distinguishable from the case at bench, in that the contract in *A. R. D. C., Inc.* was signed *before* the corporation forfeited its certificate. Thus, as the court noted, "this action does not come within § 351.535. . . ." (*A. R. D. C., Inc.* v. *State Farm Fire & Cas. Co., supra,* 619 S.W.2d at p. 845, fn. 2.)

Two other cases which appellant cites, *Jourdan* v. *Missouri Valley Inv. Co.* (Mo. App. 1983) 651 S.W.2d 169, and *State* ex rel. *Axtell* v. *Marsh* (Mo. App. 1981) 624 S.W.2d 874 are simply irrelevant.

We conclude that appellant would be incapable of enforcing the contract in Missouri, and that it has no greater capacity to sue in California than in its home state. (*Fidelity Metals Corp.* v. *Risley* (1946) 77 Cal.App.2d 377, 381 [175 Cal.Rptr. 592].)

We need not address the parties' other contentions. Summary judgment was properly granted.

The judgment is affirmed.

Compton, J., and Beach, J., concurred.

A petition for a rehearing was denied July 1, 1985, pursuant to rule 27(e), California Rules of Court. Appellant's petition for review by the Supreme Court was denied August 14, 1985.