Ray M. JOURDAN, et al., Trustees of
Space-maker, Inc.,
Plaintiffs-Appellants,

v.

MISSOURI VALLEY INVESTMENT CO.,
Defendant-Respondent.

No. WD 33501.

Missouri Court of Appeals,
Western District.

March 22, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied May 3, 1983.

Application for Transfer Denied
Aug. 16, 1983.

Dennis G. Muller, Kansas City, for plaintiffs-appellants.

Jack B. Robertson of Field, Gentry, Benjamin & Robertson, Kansas City, for defendant-respondent.

Before PRITCHARD, P.J., and MANFORD and NUGENT, JJ.

MANFORD, Judge.

Appellants-plaintiffs originated this action upon alternative theories (i.e., the guarantee or promise to pay *or* the fraudu-

lent representation of payment) for the manufacture, sale, and delivery of modular homes. This appeal follows the trial court's dismissal of appellants' amended petition. The judgment is affirmed.

Before addressing the errors charged, it is necessary to point out that this appeal does not present, nor is consideration given to, the original substantive claims or defenses of the parties. As observed infra, that aspect of the litigation is not reached because of the particular disposition herein. A brief listing of pertinent events will aid in the understanding of the determination of this appeal.

Appellants seek recovery in the sum of $104,153.80 for eleven modular homes manufactured and delivered to homesites between June, 1970 and February, 1971, and against respondent upon the alleged promise of respondent to pay for the homes on delivery.

The record reveals the following events: (a) Appellants filed for bankruptcy in the United States District Court (W.D.Mo.) (February 19, 1971); (b) Appellants are granted a discharge in bankruptcy. Although appellants' claim against respondent is listed as an asset, the trustee exercised no right to the claim. Bankruptcy proceedings are closed. (September 2, 1974); (c) Appellants, in their own corporate name (Space-maker Industries, Inc.) initiate an action against respondent for the claimed amount (May 30, 1975); (d) Space-maker's corporate charter was forfeited by the State of Missouri and never reinstated. (January 1, 1976); (e) Appellants voluntarily dismissed their initial action against respondent. (June 5, 1978); (f) Appellants refiled an action against respondent alleging Space-maker's corporate capacity and seeking (1) actual and punitive damages for the conversion of proceeds of the sale of homes; (2) actual and punitive damages for the fraudulent representation that appellants would be paid upon the delivery of the homes; (3) recovery of the unpaid price of homes which respondent agreed to pay for upon delivery; and (4) recovery of the reasonable value of the homes delivered at respondent's request. (July 10, 1978); (g) Respondent filed its answer, which included a general denial of each count of appellants' petition and a further denial that "plaintiff is . . . the real or proper party in interest", because any cause of action "passed to the trustee in bankruptcy." (August 14, 1978); (h) Respondent filed objection to appellants' request for production of documents with suggestions which included the argument that appellants were not the real party in interest. (July 17, 1979); (i) Appellants filed a motion to compel the production of documents. (October 17, 1979); (j) The trial court sustained appellants' motion to compel production and in its order stated that the issue of the real parties in interest "should not be engrafted on the request for the production of documents." (November 1, 1979); (k) Respondent filed a motion for summary judgment with suggestions on the ground that appellants did not have standing to prosecute their claim because they had forfeited their corporate charter. (May 8, 1980); (*l*) Appellants failed to oppose respondent's motion for summary judgment and the court sustained respondent's motion. (June 18, 1980); (m) Appellants filed a motion to set aside the summary judgment on the ground that appellants had mistakenly filed the lawsuit under its corporate name and that the trial court should allow the last board of directors, as statutory trustees, to proceed as substituted parties. (July 9, 1980); (n) The trial court entered its order setting aside the summary judgment for the purpose of allowing the real parties in interest, until and including August 4, 1980, within which to file and serve their amended petition. (July 16, 1980); (*o*) Appellants filed their first amended petition for damages denominated, "Space-maker Industries, Inc., by its statutory trustees, Ray M. Jourdan, Clifford C. Jourdan, Samuel L. Sayles, Carrol C. Moulder and J.C. Boggs, plaintiffs, vs. Missouri Valley Investment Co., defendant", and alleging the named individuals to be "the statutory trustees of Space-maker Industries, Inc., by virtue of § 351.525, RSMo (1979) (sic), said corporation's charter being forfeited in January of 1976." (August 4,

1980); and (p) Respondent moved to dismiss appellants' first amended petition on the ground that "plaintiff's amended petition was filed more than one year after plaintiff voluntarily dismissed its petition and inasmuch as plaintiff had no standing to bring the revival on July 10, 1978, having forfeited its corporate charter on January 1, 1976, the pending action is barred by § 516.230 and § 516.120, RSMo 1969." (September 4, 1980).

On September 23, 1981, the trial court sustained respondent's motion to dismiss with the following order and judgment:

## "ORDER AND JUDGMENT

Now on this day, defendant's Motion to Dismiss plaintiffs' First Amended Petition is hereby taken up, considered and sustained for the reasons that, inter alia, the pleadings and undisputed facts revealed by the parties' suggestions and discovery show that the cause or causes of action alleged in plaintiffs' First Amended Four-count Petition arose and accrued in a period commencing June 1970 and ending February 1971; that all four of the causes of action alleged in plaintiffs' said First Amended Petition for Damages are subject to the five-year period of limitation prescribed in Sec. 516.120 RSMo. 1978; *that the aforesaid four causes of action were first commenced by Spacemaker Industries, Inc., a corporation, as plaintiff on or about May 30, 1975* in the Circuit Court of Jackson County, Missouri in a cause captioned and numbered Spacemaker Industries, Inc. vs. Missouri Valley Investment Company, No. CV75–1865; that on January 1, 1976 the charter of said plaintiff corporation was forfeited by the State of Missouri by its Secretary of State for its failure to file the Annual Report and Anti-Trust Affidavit for the year 1975 as provided by Sec. 351.525 RSMo. 1978 and *that at no time thereafter was said forfeiture by the Secretary of State rescinded as provided by Sec. 351.540;* that there is no evidence or suggestion that said corporation, Spacemaker Industries, Inc., there-

after filed Articles of Dissolution, was dissolved or that a Certificate of Dissolution was issued by the Secretary of State, but instead, the said Spacemaker Industries, Inc. was finally adjudicated bankrupt in the United States District Court in 1971; *that notwithstanding the aforesaid forfeiture of its corporate charter on January 1, 1976 and its loss of right to maintain and prosecute said action numbered CV75–1865, that plaintiff did maintain and prosecute said cause of action until on or about June 5, 1978* when it voluntarily dismissed its petition therein; *that said Spacemaker Industries, Inc. then filed the instant cause of action herein July 10, 1978; that upon the forfeiture of that corporation's charter January 1, 1976 and in the absence of any recission of such forfeiture, only the directors and officers in office on January 1, 1976 were authorized by Sec. 351.525 RSMo. 1978 to thereafter maintain said cause of action numbered CV75–1865 or to file, prosecute and maintain the instant action; that said directors and officers and statutory trustees did not file or commence to maintain their causes of action herein until they filed their First Amended Petition for Damages August 4, 1980;* that having dismissed said cause of action numbered CV75–1865 on June 5, 1978, plaintiffs Ray M. Jourdan, Clifford C. Jourdan, Samuel L. Sayles, Carrol C. Moulder and J.C. Boggs as *said statutory trustees in their instant First Amended Petition for Damages were required to file their said instant cause of action within one year after June 5, 1978 by Sec. 516.230 RSMo. 1978 or by June 4, 1979, and that by having failed to do so, plaintiffs' cause or causes of action alleged in their First Amended Petition for Damages are barred by Sec. 516.120 RSMo. 1978.* Obviously, Spacemaker Industries, Inc. and its statutory trustees as plaintiffs in their First Amended Petition for Damages knew that the charter for said corporation was forfeited January 1, 1976 and that no recission thereof was ever granted as provided by law by the Secretary of State." (Emphasis added)

On this appeal, six points are presented, which in summary charge that the trial court erred in dismissing appellant's amended petition because: (1) the filing of the amended petition on August 4, 1980 by the trustees for the corporation related back to the timely filing of the action in the name of the corporation notwithstanding the fact that the corporate charter was then under forfeiture; (2) it incorrectly found that the corporation lacked a capacity to sue; (3) it abused its discretion in not continuing said cause pursuant to Rule 52.13; (4) it should have applied the general statutes of limitation and not § 516.230; (5) it incorrectly assigned the adjudication in bankruptcy as a relevant basis for holding appellants' claim was barred; and (6) if the court should rule against appellants on all the errors charged, the cause should nonetheless be reversed and remanded to allow appellants to obtain the recission of forfeiture of Space-maker's charter and allow the cause to go forward.

In summary, appellants' points of error claim that the court erred because of the doctrine of relation back, the application of waiver and estoppel, and appellants' capacity or standing to sue. In their attempt to avoid the application of § 516.230, appellants have asserted these challenges. None apply, because no matter how strongly it is urged to the contrary by appellants, this appeal involves only one simple question.

As noted above, this appeal lies from the dismissal of appellants' amended petition because of the running of the statute of limitations. This cause involves two statutory limitations on causes of action. The origin of this action (on May 30, 1975) was within the then applicable five-year statute, § 516.120, RSMo 1978. Appellants' corporate charter was revoked on January 1, 1976. On June 5, 1978, appellants voluntarily dismissed its petition. At this point, the time (five years) under § 516.120 had run. On July 10, 1978, appellants, in their corporate name, refiled their petition. On June 18, 1980, the trial court dismissed appellants' petition because of charter forfeiture, appellants had no standing to sue. On July 16, 1980, the court set aside its order of dismissal, and the trustees for appellant (Space-maker) were permitted to file an amended petition. On August 4, 1980, the trustees filed an amended petition. On September 23, 1981, the trial court dismissed the amended petition because the amended petition had been filed more than two years after the voluntary dismissal of the original action. The trial court's action is based upon the provisions of the so-called "savings statute of limitations", § 516.230. This statute provides that under certain conditions, i.e., nonsuit, arrest of judgment or reversal on appeal, a party plaintiff may commence a new cause of action within a year.

What occurred herein is that appellant corporation dismissed voluntarily its original action. This dismissal occurred after its charter had been forfeited and after the five-year statute had run. Appellant corporation then refiled its claim in its corporate name. Two years later, the petition was dismissed because the corporation had no capacity or standing to sue. This dismissal was set aside and the trustees sought to pursue the claim by amended petition. Respondent challenged this latter action as being beyond the provisions of § 516.230. The trial court agreed and dismissed the amended petition.

■ The trial court's action was correct. It is unquestioned that appellant corporation had no capacity to prosecute the action subsequent to January 1, 1976 by reason of the forfeiture of its charter. *J.M. Morris Construction v. Mid-West Precote Co.,* 613 S.W.2d 180 (Mo.App.1981). The appellant trustees herein, subject to the provisions of § 516.230, had one year in which to prosecute appellant corporation's claim. Election was made to prosecute the claim in the name of the corporate entity. This decision did not comport with the statute and did not give the corporation any standing to sue. The one-year limitation under § 516.230 commenced to run from June 5, 1978, and the trustees and not the corporation had one year from that date to refile the petition. This was not done and the claim

is barred by the effective running of § 516.230.

Appellants' claim of relation back is not applicable because that doctrine applies to or saves the original action "only where the original plaintiff at the time had *a legal right* to sue, stated a cause of action and *had status as a party to sue.*" *Briggs v. Cohen,* 603 S.W.2d 20, 23 (Mo.App.1980) (emphasis added). Appellants' claim that Rule 52.13 applies and controls is not correct. See *Briggs* at 23 where this court has ruled that our rules of civil procedure are not read and considered apart from statutes of limitation.

There likewise is no merit to appellants' contention of waiver or estoppel.

Appellants' final contention that this case should be reversed and remanded to enable appellants to secure recission of the corporate forfeiture reveals a misreliance upon *A.R.D.C., Inc. v. State Farm Fire & Cas. Co.,* 619 S.W.2d 843, 845 (Mo.App.1981). *A.R.D.C.* is distinguishable and not controlling because in that case, recission had occurred pending the proceedings. What appellant seeks is for this court to remand this case for the express purpose of permitting appellant to seek recission. While it is correct that *A.R.D.C.* holds that the recission of a corporate forfeiture is retroactive, that holding does not mandate that our courts are to reverse and remand judgments to enable a corporation to seek recission of the forfeiture of their corporate charters. *A.R. D.C.* does not control.

There is no merit to any of the points raised by appellants. The trial court did not err in its dismissal of the amended petition for failure of it having been filed by the trustees within the time prescribed by § 516.230.

Judgment affirmed.

All concur.