Troy **EARLS**, Plaintiff,

and

Mary Earls, Plaintiff–Appellant,

and

Richard Farrington, Appellant,

v.

Richard Dean **KING** and Farmers Production Credit Association, Defendants–Respondents.

No. 16382.

Missouri Court of Appeals, Southern District, Division One.

Feb. 8, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 5, 1990.

Application to Transfer Denied April 17, 1990.

Roy W. Brown, Bruce B. Brown, Brown & Brown, Kearney, for appellants.

Jo Beth Prewitt, West Plains, for defendants-respondents.

PREWITT, Judge.

This matter has previously been here. See *Earls v. Farmers Production Credit Ass'n,* 763 S.W.2d 694 (Mo.App.1988). That appeal was dismissed as there was no judgment. Following remand the trial court entered an order dismissing the claim of Troy Earls without prejudice pursuant to Rule 52.13 because no motion for substitution was made within 90 days of the first amended petition, which the trial court treated as a suggestion of death. Finding that Troy Earls and Mary Earls did not have "legal ability to sue" because of their bankruptcy the trial court dismissed the claim of Mary Earls with prejudice.

This action was instituted on August 5, 1985. Troy Earls and Mary Earls, husband and wife, were the plaintiffs. The first amended petition was filed on October 26, 1985. Although naming Troy Earls as a plaintiff, it recites that "Plaintiff, Troy

Earls, is now deceased, having died on October , 1985." The amended petition claims that defendants' negligence and failure to use good faith from July 1979 through August of 1981 caused the plaintiffs to lose their hog farming operation. The amended petition recites that "on or about August 18, 1983, the Plaintiffs filed for bankruptcy because of their inability to pay their debts." The amended petition sought actual and punitive damages.[1]

On February 9, 1989, Richard Farrington, the trustee of their bankruptcy estate, filed a motion for substitution in place of Troy Earls. It recited that Troy Earls died on or about October 16, 1985 and requested that the court enter an order substituting him "as plaintiff in the place and stead of said TROY EARLS." Farrington also filed on February 9, 1989, a motion for substitution for Mary Earls "because, by operation of law, the claim of MARY EARLS has transferred to" him. These motions were overruled at the time of the dismissals of "plaintiffs' " claims.

In the trial court and in the brief filed here appellants concede that as trustee in bankruptcy the cause of action resides in Farrington alone. See 11 U.S.C. §§ 323, 541; *State ex rel. Stifel, Nicolaus & Co. v. Clymer*, 522 S.W.2d 793, 798 (Mo. banc 1975).

■ For their first point appellants contend that the trial court erred when it dismissed the claim of Troy Earls without prejudice because a motion to substitute parties was not filed within 90 days of the suggestion of his death as required by Rule 52.13(a)(1). That rule is set out below.[2]

The trial court treated the reference to his death in the amended petition as a suggestion of death. Appellants do not

question that the amended petition could not serve as a suggestion of death but contend that it was not effective because it was not served upon Farrington. They state in their brief:

> The amended petition does contain the following statement in paragraph one: that "Plaintiff, Troy Earls is now deceased, having died on October , 1985," (L.F. 1). Because there does not appear to be any particular format, this notice is probably sufficient to serve as a suggestion of death. However, Appellants contend that Rule 52.13(a) and due process would require the suggestion of death— the amended petition—to be served upon the. bankruptcy trustee.

Relying primarily upon *Metro. St. Louis Sewer District v. Holloran*, 751 S.W.2d 749 (Mo. banc 1988), appellants assert that because Richard Farrington, the trustee in bankruptcy, was not served with the amended petition the 90 day substitution period did not begin to run from the time the first amended petition was filed. They contend that the period only started when appellants' attorney filed a suggestion of death on February 9, 1989. Farrington's motion for substitution in the place of Troy Earls was filed on that date.

*Holloran* does not aid appellants. It holds that service of a suggestion of death upon those who succeed to a party's interest due to that death is required. It is not relevant here as Farrington did not succeed to Troy Earls' interest by his death, but due to his bankruptcy. Whatever interest Farrington had in the matter he had long before Troy Earls' death, and since that death did not make him a successor to Troy Earls' claim, service upon him was not re-

---

1. The contents of the amended petition is set forth in considerable detail in the opinion disposing of the previous attempt to appeal. See *Earls*, 763 S.W.2d at 696–697.

2. (1) If a party dies and the claim is not thereby extinguished, the court may, upon motion, order substitution of the proper parties. Suggestion of death may be made by any party or person in interest by the service of a statement of the fact of the death as provided herein for the service of a motion. A motion for substitu-

tion may be made by any party or by the successor or representative of the deceased party. Such motion, together with notice of hearing shall be served upon the parties as provided in Rule 43.01, and upon persons not parties in the manner provided for the service of a summons. Unless a motion for substitution is served within 90 days after a suggestion of death is filed, the action shall be dismissed as to the deceased party without prejudice.

quired. Point I is denied.[3]

■ For Point II appellants state that the trial court ruled improperly regarding "the Earls' legal capacity to sue" as "defendants waived this issue because of a failure to comply with the provisions of Rule 55.13, which require a specific negative averment supported by facts peculiarly within the pleader's knowledge."

Appellants contend that because the Earls' capacity to sue was not properly questioned by defendants, they could maintain the suit notwithstanding their bankruptcy. Appellants claim that defendants did not properly follow Rules 55.13 and 55.27(g)(1). Rule 55.13 and the relevant parts of Rule 55.27(g)(1) are set out below.[4]

Appellants confuse capacity to sue with standing to sue. Capacity to sue is the right to come into court which exists if one is free of general disability, such as infancy or insanity. Nearly all adults have capacity to sue. Standing to sue is an interest in the subject of the suit, which if valid, gives that person a right to relief. See *Crigler v. Frame*, 632 S.W.2d 94, 95–96 (Mo.App. 1982); *State ex rel. Schneider v. Stewart*, 575 S.W.2d 904, 909 (Mo.App.1978); *Oakland Municipal Improvement League v. City of Oakland*, 23 Cal.App.3d 165, 100 Cal.Rptr. 29, 32 (1972); *Keehn v. Joseph C. Mackey and Co.*, 420 So.2d 398, 399 n. 1 (Fla.App.1982); 67A C.J.S. Parties §§ 10, 12 (1978).

Admittedly the Earls had no standing to sue at the time this matter was filed or thereafter as that right vested in the trustee of their bankruptcy estate before this matter was filed. Whether defendants properly raised capacity to sue is irrelevant. Nothing in the records indicates that they lacked capacity to sue.

■ The remaining point presented by appellants states that the trial court erred by determining that the statute of limitations had run barring the claim and by not ordering the substitution of Farrington for the Earls. Appellants state that the limitations period applicable here is five years under § 516.120, RSMo 1986. They contend that although "the technical breach of the Defendants' duty may have occurred in August of 1981, there is more than one item of damage, the last item being the sale of the farm and the resulting necessity to continue the bankruptcy proceedings in order to discharge the remaining debts on the farm."

Appellants state that the final act of damages to the Earls occurred on March 25, 1985, when defendant Farmers Production Credit Association purchased the Earls' farm "at its own foreclosure sale for an amount which was substantially below the outstanding debt and the fair market value of the property, thus finally depriving the Earls of all interests in their property and forcing the Earls to seek discharge of the remaining debts on the farm." Under this point they rely on § 516.100, RSMo 1986, which states:

3. Whether service of the amended petition as a suggestion of death was otherwise defective, we need not consider, as the only question presented is whether it should have been served on Farrington. On what constitutes a "suggestion of death" under rules similar to the Missouri rule, see *Blair v. Beech Aircraft Corp.*, 104 F.R.D. 21, 22 (W.D.Pa.1984), aff'd, 787 F.2d 580 (3d Cir.1986); *Wheeler v. General Tire and Rubber Co.*, 142 Wis.2d 798, 419 N.W.2d 331, 334–335 (App.1987).

4. **RULE 55.13 AVERMENTS AS TO CAPACITY OR AUTHORITY OF PARTIES TO SUE OR BE SUED**

It shall be sufficient to aver the ultimate fact of the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of a corporation or of an organized association of persons that is made a party. When a person desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge. When a party so raises such issue, the burden of proof thereon shall be placed upon the opposite party.

Rule 55.27(g)(1) states in part:

(1) A defense ... that plaintiff does not have legal capacity to sue ... is waived (A) if omitted from a motion in the circumstances described in subdivision (f) or (B) if it is neither made by motion under this Rule nor included in a responsive pleading.

**516.100. Period of limitation prescribed.**—Civil actions, other than those for the recovery of real property, can only be commenced within the periods prescribed in the following sections, after the causes of action shall have accrued; provided, that for the purposes of sections 516.100 to 516.370, the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment, and, if more than one item of damage, then the last item, so that all resulting damage may be recovered, and full and complete relief obtained.

By referring to "capable of ascertainment" this section means the fact of damage rather than the precise amount. *Southern Cross Lumber & Millwork Co. v. Becker,* 761 S.W.2d 269, 271 (Mo.App. 1988). The statute of limitations begins to run when damage is capable of ascertainment, even though the amount of damage is not yet fully ascertainable. *Zero Manufacturing Co. v. Husch,* 743 S.W.2d 439, 441 (Mo.App.1987). Whether damages are capable of ascertainment under § 516.100 is an objective test decided as a matter of law by the judge. *Anderson v. Griffin, Dysart, Taylor, Penner & Lay, P.C.,* 684 S.W.2d 858, 861 (Mo.App.1984).

Here, plaintiffs claim damages in their petition and amended petition, and the fact that the full and final amount claimed might not have been ascertained until the sale of the·farm does not prevent the statute from running. If the plaintiffs had damages and a cause of action against defendants before their bankruptcy, as they allege, then more than five years had lapsed after they declared bankruptcy before the trustee sought substitution.

A real party in interest may not be substituted as a plaintiff to avoid the statute of limitations where the record shows that the original plaintiff had no legal interest in the cause of action. *Webster v. Joplin Water Works Co.,* 352 Mo. 327, 340–342, 177 S.W.2d 447, 453–454 (1944); *Fair v. Agur,* 345 Mo. 394, 396–397, 133 S.W.2d 402, 403 (1939); *Jourdan v. Missouri Valley Investment Co.,* 651 S.W.2d 169, 173 (Mo.App.1983); *State ex rel. Jewish Hospital v. Buder,* 540 S.W.2d 100, 107 (Mo.App. 1976). The trial court correctly denied the motions for substitution.

The judgment is affirmed.

CROW, P.J., and GREENE, J., concur.