**CHARTER CAPITAL GROUP, INC., Plaintiff-Appellant,**

v.

**George C. COOK, and Thomas J. O'Neil, as Successor Trustee, Defendants–Respondents.**

No. 17187.

Missouri Court of Appeals, Southern District, Division One.

Aug. 14, 1991.

Randall R. Sutter, Lebanon, Gary A. Love, Ozark, for plaintiff-appellant.

James E. Baldwin, Mark E. Rector, Donnelly, Baldwin and Wilhite, Lebanon, for defendants-respondents.

MAUS, Presiding Judge.

The trial court issued a temporary restraining order against the foreclosure of a deed of trust upon real property owned by plaintiff Charter Capital Group, Inc. (Charter). Charter alleged the deed of trust was invalid because it received no money or benefit by reason of the indebtedness it secured. Charter further alleged the deed of trust was "an illegal and prohibited act pursuant to Article XI, Section 7 of the Constitution of the State of Missouri." The hearing for a preliminary injunction was consolidated with the trial upon the merits of the petition. Rule 92.02(a)(2). Upon such hearing, the trial court dissolved the temporary restraining order and denied Charter's petition. Charter appeals.

The action was submitted upon an oral stipulation on the record, which was none too explicit on the issue of consideration. The record includes this dialogue.

"[MR. LOVE:] The plaintiff is further prepared to stipulate to the statements as shown in the affidavits, which were the subject matter, which I believe were submitted to the Court at the time of the temporary restraining order.

I believe that they do little more than recite again what I've just said.

THE COURT: Mr. Baldwin.

MR. BALDWIN: Your Honor, I would agree with Mr. Love's recitation of the facts or the basis of the stipulation with one exception, and that is his statement that the plaintiff would stipulate that there was no consideration received by Charter Capital Group, Incorporated, from Mr. Cook.

What the defendant would stipulate to is that Charter Capital Corporation did not receive any of the proceeds of the loan made from Mr. Cook to BOT Investment Company, Incorporated, but we certainly would not stipulate that there was no consideration received by Charter Capital because that's one of the issues that we are addressing in this argument."

The result is a nebulous background for the execution of the deed of trust. The following is a sketch of the facts distilled from the transcript and the affidavits.

Defendant George C. Cook (Cook) agreed to loan B.O.T. Investment Company, Inc., (B.O.T.) $215,000.00. The note evidencing the indebtedness was to be secured by a deed of trust on real property in Dent County owned by B.O.T. As a condition precedent to the loan, Cook also required that the note be secured by a deed of trust on real property owned by Charter and located in Laclede County.

The transaction was consummated. Cook advanced the proceeds of the loan to B.O.T. B.O.T. executed a note evidencing the indebtedness and its deed of trust securing the note on its Dent County property and delivered the instruments to Cook. Charter executed its deed of trust securing that note on its Laclede County property and delivered the deed of trust to Cook.

At the time of the transaction, Paul J. Mustion was the sole stockholder, president and chairman of the board of Charter. B.D. Van Stavern was president and chairman of the board of B.O.T. At 10:00 a.m. on February 16, 1990, B.O.T. purchased all outstanding shares of Charter and Paul J. Mustion resigned as an officer and director of Charter. By their briefs, the parties tell the court that on February 16, 1990, the deed of trust on the B.O.T. Dent County property was foreclosed by sale. Presumably the sale resulted in a deficiency. A successor trustee under the Charter deed of trust on the Laclede County property then published a notice of a sale in foreclosure of that deed of trust. It is the proposed foreclosure of this Charter deed of trust that was the subject of the temporary restraining order and that Charter seeks to permanently enjoin.

The relationship between B.O.T. and Charter is not established by the record. Charter's brief states "that Paul Mustion ... has been an employee of B.D. Van Stavern." The record contains no explicit explanation why Charter executed its deed of trust to secure the note of B.O.T. By its brief, Charter admits that "Mr. Cook and Mr. Van Stavern agreed the unimproved real estate belonging to Charter Capital Group, Inc. would also be pledged as collateral for the loan." Van Stavern's affidavit contains the following revealing statement: "That the property on which Plaintiff claims to hold a deed of trust is immediately adjacent to a new motel commonly referred to as Super 8 Motel of Lebanon, Inc., and that property is reserved by me for the future growth and expansion of such motel." The circumstances are the basis for a reasonable inference that B.D. Van Stavern controlled both Charter and B.O.T. That inference belies the contention Charter received no consideration.

For another reason, the absence of an explicit explanation does not hinder the disposition of this appeal. Charter's sole point on appeal is:

"The trial court erred in denying plaintiff's petition for a permanent injunction because Charter Capital Group, Inc., a Missouri corporation, received no consid-

eration whatsoever to support the deed of trust it issued in that any corporation which issues its obligation must do so only in consideration of money, labor or property actually received."

■ Charter cites such cases as *McWilliams v. Central States Life Ins. Co.*, 137 S.W.2d 641 (Mo.App.1940) and Mo. Const. of 1945, art. XI, § 7. Cook responds to each of those arguments and citations. As Cook points out, by the execution of its Laclede County deed of trust, Charter did not issue its stock, bonds or "other obligations for the payment of money" and thereby did not violate that constitutional provision. No statute prohibits a corporation from providing security for the indebtedness of another. Under § 351.385(7), the powers of a corporation include authority to make guarantees of debts issued by any other corporation. It is not necessary to further consider the arguments of Charter.

■ Cook's basic point is that Charter has no standing to allege Charter's execution of its Laclede County deed of trust as an invalid act. This point has merit. Charter does not contend the Laclede County deed of trust was not Charter's corporate act. It attacks its capacity or power to make a conveyance by that deed of trust. In short, Charter attacks its own action, which was undertaken for reasons not explicitly disclosed by the evidence, in executing the Laclede County deed of trust to secure the note of B.O.T.

Section 351.395 provides:

"No act of a corporation and no conveyance or transfer of real or personal property to or by a corporation shall be invalid by reason of the fact that the corporation was without capacity or power to do such act or to make or receive such conveyance or transfer, but such lack of capacity or power may be asserted: (1) In a proceeding by a shareholder against the corporation ...; (2) In a proceeding by the corporation ... against the incumbent or former officers or directors of the corporation; (3) In a proceeding by the attorney general...."

Charter's position as plaintiff in this action is the same as the appellants' position in *Champ v. Poelker*, 755 S.W.2d 383 (Mo.App.1988). In that case, the court summarized the applicable law in the following language:

> " 'Standing is an "antecedent to the right to relief" and has been said to be, "in a sense, jurisdictional in limine...." ' *Sommer v. City of St. Louis*, 631 S.W.2d 676, 679 (Mo.App.1982) (quoting *State ex rel. Schneider v. Stewart*, 575 S.W.2d 904, 909 (Mo.App.1978). Regardless of the merits of appellants' claims, without standing, the court cannot entertain the action. *Worlledge v. City of Greenwood*, 627 S.W.2d 328, 331 (Mo.App. 1982)." *Champ* at 387.

Charter has no standing to attack its own act. The judgment of the trial court is affirmed.

CROW, J., concurs.

PREWITT, J., concurs in result and files concurring opinion.

PREWITT, Judge, concurring.

I agree with the principal opinion, except the discussion of the "standing" of appellant and the relevancy of *Champ v. Poelker*, 755 S.W.2d 383 (Mo.App.1988). The "standing" referred to in *Champ* is "standing to sue". That is an interest in the subject of the suit, which if the suit is valid, entitles the party to relief. *Earls v. King*, 785 S.W.2d 741, 743 (Mo.App.1990).

"Standing is a concept utilized to determine if a party is sufficiently affected so as to insure that a justiciable controversy is presented to the court". *Blacks Law Dictionary* 1405 (6th ed. 1990). Appellant has "standing" because of its interest as owner of the real property.

It is not necessary to decide if § 351.395, RSMo 1986, is applicable here. Appellant's point is correctly ruled by the discussion in the principal opinion of Mo. Const. art. XI, § 7.